IN THE UNITED STATES COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly-situated, <br><br>    Plaintiff, <br><br> v. <br><br> ZOCDOC, INC., <br> and <br> JOHN DOES 1-10, <br><br>    Defendants. | Case No.: 1:14-cv-07009 <br> (LLS)(KNF) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**FIRST AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiff, Radha Geismann, M.D., P.C., individually and on behalf of all others similarly situated, by and through its undersigned counsel, states the following in support of its First Amended Motion for Class Certification.

**I.    Introduction**

This case alleges Defendants sent unsolicited facsimile advertisements to Plaintiff and upon information and belief to at least 40 other persons in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, with an additional count for common-law conversion. "Class certification is normal in litigation under § 227 [the TCPA], because the main questions, such as whether a given fax is an advertisement, are common to all recipients." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013). Plaintiff believes this case will prove no exception, but the case is in its infancy, with no discovery having been conducted yet, either of Defendants or third parties that may have been involved in the fax campaign (such as list sellers and fax broadcasters).

As explained below, this motion is filed in order to prevent Defendants from attempting to moot the case by "picking off" the named Plaintiff with an individual offer of judgment. Plaintiff filed a similar "placeholder" motion in state court, but Defendants removed the case and the case was transferred to this Court. Plaintiff now seeks to file a motion citing the relevant standards under Federal Rule of Civil Procedure 23.[1] Plaintiff's counsel offered to simply withdraw the pending motion without prejudice to refiling after class discovery if Defendants would agree not to make a pick-off attempt during the interim. Defendants refused, necessitating the filing of this motion.

## II. Plaintiff is filing this pre-discovery motion to prevent a "pick-off" attempt by Defendants.

Class-action defendants sometimes attempt to escape classwide liability by "picking off" the named class representative with an individual offer of judgment. Most circuit courts to rule on the issue have rejected these attempts as improper. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091–92 (9th Cir.2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249–50 (10th Cir.2011); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920–21 (5th Cir.2008); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004).

The Second Circuit has not squarely addressed the scenario where an offer comes before a motion for class certification is filed, and the district court in this Circuit are split on the issue. However, the Seventh Circuit held in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), that the "simple solution to the buy-off problem" is for class-action plaintiffs to "move to certify the class at the same time that they file their complaint," reasoning that "[t]he pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id.* The

---

[1] Plaintiff is also concurrently filing a motion for leave to file a Second Amended Complaint in order to cite relevant federal authorities on jurisdiction and class certification.

Seventh Circuit rejected the argument that this ruling would "provoke plaintiffs to move for certification prematurely, before they have fully developed or discovered the facts necessary to obtain certification." Instead, it held, the district court should simply stay the placeholder motion and "delay its ruling to provide time for additional discovery or investigation." *Id.*

In light of the state of the caselaw and Defendants' refusal to agree not to make a pick-off attempt, Plaintiff is filing this motion out of an abundance of caution. As the Seventh Circuit recommended in *Damasco*, Plaintiff requests the Court stay the motion to allow time for class discovery and allow Plaintiff to file an amended motion for class certification and supporting memorandum after class discovery is complete.

### III. The classes meet the requirements of Rule 23(a) and Rule 23(b)(3).

The First Amended Complaint proposes two classes, in accordance with the two counts contained therein:

> TCPA Class (Count I):
>
> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which did not display a proper opt out notice.

(FAC ¶ 32).

> Conversion Class (Count II):
>
> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

(FAC ¶ 50).

Plaintiff anticipates that the proposed class definitions may change after discovery defines the precise contours of the classes and the advertisements that were sent. As argued below, each of these classes satisfies the elements of Rule 23(a) and Rule 23(b)(3).

### A.     The Rule 23(a) elements are satisfied.

There are four elements for class certification under Rule 23(a). First, a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Plaintiff alleges Defendants' advertisements were successfully sent to at least 40 fax numbers. The exact number is not known because that information is in the hands of Defendants or their agents and no discovery has been conducted. However, the Court is entitled to make "common sense assumptions" in deciding class certification, *German v. Federal Home Loan Mortgage Corp.*, 885 F. Supp. 537, 552 (S.D.N.Y. 1995), and it is reasonable to assume Defendants sent faxes to more than 40 fax numbers. It would, in fact, be unreasonable to assume Defendants went through the trouble of designing a fax advertisement and then sent it to fewer than 40 fax numbers.

Second, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is not required on every question raised in a class action. Rather, Rule 23 is satisfied when "plaintiff['s[]' and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Kaye v. Amicus Mediation*, --- F.R.D. ---, 2014 WL 2207431, *9 (D. Conn. May 28, 2014) (internal quotation marks omitted). t Here, the commonality test is met because Defendants engaged in a general policy that is the focus of the litigation by transmitting (or paying a fax broadcaster to transmit) form advertisements to a list of fax numbers generated by Defendants and/or a third party without obtaining prior express invitation or permission or by failing to include the proper opt-out notice required by federal law and regulations. *See* 64 C.F.R. § 64.1200(a)(4)(iv).

4

Third, Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendants' fax campaign. Thus, all class member claims' arise from the same transaction or occurrence.

Fourth, rule requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers, and they are adequate counsel for the class.

### B. The Rule 23(b) elements are satisfied.

There are two additional elements under Rule 23(b)(3). First, common questions of law or fact must predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

Second, a class action is the superior method for adjudicating the claims. Certifying a class is the "superior" way when a class action will "achieve economies of time, effort, and expense," and promote "uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997). *See Kaye*, --- F.R.D. at ---, 2014 WL 2207431, *12-*13 (finding superiority prong of Rule 23 met in a TCPA class action). Those standards are easily met here.

Respectfully submitted,

                                                      /s/ Aytan Y. Bellin
Aytan Y. Bellin
**BELLIN & ASSOCIATES LLC**
85 Miles Avenue
White Plaines, NY 10606
Phone: 914-358-5345
Fax: 212-571-0284
E-mail: Aytan.Bellin@bellinlaw.com

Max G. Margulis, #24325, (pro hac vice motion to be submitted)
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 – Residential
F: (636) 536-6652 – Residnetial
E-Mail: MaxMargulis@MargulisLaw.com

Brian J. Wanca, (pro hac vice motion to be submitted)
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
E-mail: bwanca@andersonwanca.com

*Attorneys for Plaintiff*