

N.Y.S.D. Case #
14-cv-7009(LLS)

14-3708
Geismann v. ZocDoc, Inc.

1    UNITED STATES COURT OF APPEALS
2    FOR THE SECOND CIRCUIT

3    August Term, 2014

4    (Argued:  June 5, 2015    Final Submission:  February 1, 2016

5    Decided:  March 9, 2017)

6    Docket No. 14-3708

7    ────────────────────

8    Radha Geismann, M.D., P.C., individually and on behalf of all others similarly
9    situated,

10    Plaintiff-Appellant,

11    v.

12    ZocDoc, Incorporated,
13    Defendant-Appellee,

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  _____
DATE FILED:** March 09, 2017

14
15    John Does 1-10,
16    Defendants.*

17    ────────────────────

18    Before:        SACK, HALL, and CARNEY, *Circuit Judges*.

19    Radha Geismann, M.D., P.C., appeals from a judgment of the United States

20    District Court for the Southern District of New York (Louis L. Stanton, *Judge*)

21    dismissing its putative class action suit against ZocDoc, Inc., alleging violations

22    of the Telephone Consumer Protection Act.  The district court concluded that a

23    settlement offer, made by ZocDoc but rejected by Geismann, would have

---

* The Clerk of Court is respectfully directed to amend the official caption to conform to the caption as it appears above.

CERTIFIED COPY ISSUED ON 03/09/2017

Case 14-3708, Document 101, 03/09/2017, 1985729, Page2 of 18

1   afforded Geismann complete relief, notwithstanding a pending class-certification

2   motion.  The court entered judgment in Geismann's favor in the amount and

3   under the terms of the unaccepted offer and dismissed the action for lack of

4   subject matter jurisdiction on the ground that it had become moot.  We conclude

5   that the settlement offer did not render the action moot and that judgment

6   should not have been entered nor the action dismissed on that basis.  The

7   judgment of the district court is therefore:

8           VACATED and REMANDED.

9           GLENN L. HARA (David M. Oppenheim,
10          *on the brief*), Anderson + Wanca, Rolling
11          Meadows, Illinois, *for Plaintiff-Appellant.*

12          BLAINE C. KIMREY (Charles J. Nerko,
13          Vedder Price P.C., New York, New York,
14          Bryan K. Clark, *on the brief*), Vedder Price
15          P.C., Chicago, Illinois, *for Defendant-*
16          *Appellee.*

17  SACK, *Circuit Judge*:

18          Plaintiff-appellant Radha Geismann, M.D., P.C. ("Geismann"), appeals

19  from the district court's dismissal of its putative class action against the

20  defendant-appellee ZocDoc, Inc. ("ZocDoc"), alleging violations of the Telephone

21  Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Geismann's suit stems from

22  two unsolicited telecopies (colloquially and hereinafter "faxes") it allegedly

1    received from ZocDoc.  After Geismann filed a complaint and motion for class

2    certification, ZocDoc made a settlement offer to Geismann as to its individual

3    claims pursuant to Federal Rule of Civil Procedure 68.  Geismann rejected the

4    offer.  ZocDoc then moved to dismiss the action for lack of subject matter

5    jurisdiction on the ground that its offer afforded Geismann complete relief,

6    thereby mooting the action.  The United States District Court for the Southern

7    District of New York (Louis L. Stanton, *Judge*) granted the motion, agreeing with

8    ZocDoc that the rejected offer, which the court concluded would have afforded

9    Geismann complete relief on its individual claims, rendered the entire action

10   moot, notwithstanding the pending class-certification motion.  The court entered

11   judgment in Geismann's favor under the terms offered by ZocDoc and dismissed

12   the action.  While this appeal was pending, the district court granted ZocDoc

13   leave to deposit a check in the amount of $6,100.00 with the Clerk of the United

14   States District Court for the Southern District of New York in satisfaction of

15   judgment.

16          We conclude that the action was not and is not "moot."  An unaccepted

17   Rule 68 offer of judgment is, regardless of its terms, a legal nullity.

1        **BACKGROUND**

2        Geismann, a Missouri corporation, alleges that it received from ZocDoc, a

3    Delaware corporation, two unsolicited faxes advertising a "patient matching

4    service" for doctors.  Joint Appendix ("J.A."[1]) 43, 57-58.  Both faxes stated that if

5    the recipient wished to "stop receiving faxes," he or she could call a domestic

6    telephone number provided in the fax.  J.A. 57, 58.

7        In 2014, Geismann filed a complaint in Missouri state court[2] alleging that

8    these faxes violated the TCPA,[3] which prohibits, *inter alia*, the use of "any

9    telephone facsimile machine, computer, or other device to send, to a telephone

10    facsimile machine, an unsolicited advertisement, unless" the sender and recipient

11    have an "established business relationship," the recipient volunteered its fax

---

[1] "J.A." hereinafter refers to the parties' joint appendix filed in this Court on November 6, 2014.

[2] The TCPA provides that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring [an action] in an appropriate court of that State." 47 U.S.C. § 227(b)(3).

[3] The original complaint also included a claim under the Missouri Consumer Fraud and Deceptive Business Practices Act and a claim for conversion.  The former was voluntarily dismissed prior to the filing of the Corrected First Amended Complaint. The district court did not directly address the latter, which was included in the Corrected First Amended Complaint.  Geismann stated in its opposition to the motion to dismiss that it planned to dismiss voluntarily the conversion claim and therefore did not oppose its dismissal.  The district court's dismissal for lack of subject matter jurisdiction following the entry of judgment applies to the entire action, including the conversion claim, making it a "final decision[]" over which we have jurisdiction.  28 U.S.C. § 1291.

Case 14-3708, Document 101, 03/09/2017, 1985729, Page5 of 18

1    number directly to the sender or through voluntary participation in a directory

2    or other public source, or the fax meets certain specified notice requirements.  47

3    U.S.C. § 227(b)(1)(C); *see also id.* § 227(a)(5) ("The term 'unsolicited advertisement'

4    means any material advertising the commercial availability or quality of any

5    property, goods, or services which is transmitted to any person without that

6    person's prior express invitation or permission, in writing or otherwise.").

7        The complaint requested between $500.00 and $1,500.00 in damages for

8    each TCPA violation, an injunction prohibiting ZocDoc from sending similar

9    faxes in the future, and costs.  *See id.* § 227(b)(3) (providing a private right of

10   action for injunctive relief and damages in the amount of "actual monetary loss"

11   or "$500 . . . for each [] violation, whichever is greater," to be tripled at the court's

12   discretion if the defendant "willfully or knowingly violated [the statute]").

13       The complaint also requested that the case be treated as a class action.

14   Geismann filed a separate motion for class certification pursuant to Missouri law

15   the same day that it filed the complaint.  The certification motion contained a

16   footnote explaining that Geismann filed the motion at the same time as the

17   complaint because the "[d]efendants in class litigation have resorted to making

18   individual settlement offers to named plaintiffs before a class action is certified in

1    an attempt to 'pick-off' the putative class representative and thereby derail the

2    class action litigation."  Pl.'s State Ct. Mot. for Class Certification at 1 n.1 (J.A. 19).

3        On March 13, 2014, ZocDoc removed the action to the United States

4    District Court for the Eastern District of Missouri, invoking federal question

5    jurisdiction.  *See* 28 U.S.C. §§ 1331, 1367.  Two weeks later, ZocDoc made an offer

6    of judgment to Geismann pursuant to Federal Rule of Civil Procedure 68 for (1)

7    $6,000, plus reasonable attorney's fees,[4] in satisfaction of Geismann's individual

8    claims, and (2) an injunction prohibiting ZocDoc from engaging in the alleged

9    statutory violations in the future.  On April 8, 2014, Geismann rejected the offer

10    but indicated that it would be willing to accept if ZocDoc would extend the same

11    offer to all members of the putative class action.  ZocDoc declined.

12        In August 2014, the district court granted ZocDoc's motion to transfer the

13    action to the Southern District of New York.  *See* 28 U.S.C. § 1404(a).  ZocDoc

14    then moved to dismiss the complaint, primarily on the ground that its offer of

15    judgment mooted the action.  Geismann disputed, *inter alia*, whether the

16    unaccepted offer "provided full satisfaction of [its] claim," arguing that the TCPA

---

[4] Geismann's initial complaint requested attorney's fees for its state law claims, not for its claim under the TCPA, a statute that the parties agree does not provide expressly for the award of attorney's fees or costs.  Attorney's fees are not at issue in this appeal, and we do not take a position regarding the statutory availability of any such fees.

6

14-3708
*Geismann v. ZocDoc, Inc.*

1    provides for monetary damages per "violation," not per fax, entitling it to

2    "recover for each of the multiple violations in each fax."  Pl.'s Opp'n to Def.'s Mot.

3    to Dismiss at 14 n.4, *Geismann v. ZocDoc, Inc.*, No. 14-cv-7009 (S.D.N.Y. Sept. 25,

4    2014), ECF No. 53.

5          The district court disagreed, reasoning:

6          The monetary damages Geismann can recover individually under
7          the TCPA for two unsolicited faxes [it] received . . . are limited to
8          $1,000, which could be trebled to not more than $3,000 if the Court
9          finds that it was a willful and knowing violation.  ZocDoc's offer of
10         judgment not only adds Geismann's attorneys' fees, but is twice the
11         trebled   amount,   and   thus   more   than   satisfies   any   recovery
12         Geismann could make under the applicable statute.

13   *Geismann v. ZocDoc, Inc.*, 60 F. Supp. 3d 404, 405-06 (S.D.N.Y. 2014).   The court

14   entered judgment in the amount and under the terms of the rejected settlement

15   offer and dismissed the action as moot because, following the settlement offer

16   and entry of judgment, "there remain[ed] no case or controversy." *Id*. at 407.

17         Geismann then brought this appeal.  While the appeal was pending,

18   ZocDoc requested leave to deposit a check in the amount of $6,100.00 payable to

19   the clerk of the district court in satisfaction of judgment.  Pl.'s Ltr. Mot. at 2-3,

20   *Geismann v. ZocDoc, Inc.*, No. 14-cv-7009 (S.D.N.Y. Feb. 1, 2016), ECF No. 60.  The

21   court granted the request, reasoning that the Supreme Court's then-recent

22   decision in *Campbell-Ewald Co. v. Gomez*, --- U.S. ----, 136 S. Ct. 663 (2016),

Case 14-3708, Document 161, 03/09/2017, 1985725, Page8 of 18

1    "favor[s] deposit of judgments with the Court" in these circumstances.  Order for

2    Deposit in Interest Bearing Account at 2, *Geismann v. ZocDoc, Inc.*, No. 14-cv-7009

3    (S.D.N.Y. Feb. 3, 2016), ECF No. 63.[5]

4        We ordered the parties to submit supplemental briefing addressing the

5    effect of *Campbell-Ewald* on the issues presented in this appeal, and, on February

6    1, 2016, both parties made a responsive submission.  ZocDoc argued that

7    following the entry of judgment and deposit of funds with the clerk of the court,

8    the plaintiff in this case, unlike the plaintiff in *Campbell-Ewald*, was not left

9    "emptyhanded."  Def.'s Supp. Br. at 2, 4.  Geismann argued, *inter alia*, that

10   *Campbell-Ewald* foreclosed the district court's disposition of this case because "an

11   unaccepted settlement offer or offer of judgment does not moot a plaintiff's case

12   no matter how good the terms."  Pl.'s Supp. Br. at 1 (internal quotation marks

13   omitted).

---

[5] Geismann challenges this deposit order in a related appeal.  *See Geismann v. ZocDoc, Inc.*, No. 16-663 ("*Geismann II*").  Because the disposition of the present appeal renders moot the issues there raised, we have concurrently issued an order granting ZocDoc's motion to dismiss *Geismann II* as duplicative.

Case 14-3708, Document 101, 03/09/2017, 1985725, Page9 of 18

# DISCUSSION

## A. Standard of Review

"In considering a dismissal for lack of jurisdiction, we review the district

court's factual findings for clear error and its legal conclusions *de novo*." *APWU v.*

*Potter*, 343 F.3d 619, 623-24 (2d Cir. 2003).

## B. Jurisdiction

Our jurisdiction is limited by Article III, section 2, of the United States

Constitution to "cases" and "controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Where there is no unresolved case or controversy, "mootness occurs" and "the

court—whether trial, appellate, or Supreme—loses jurisdiction over the suit,

which therefore must be dismissed." *Russman v. Bd. of Educ. of Enlarged City Sch.*

*Dist. of City of Watervliet*, 260 F.3d 114, 118-19 (2d Cir. 2001).

## C. *Campbell-Ewald*

Geismann argues that the district court erred in dismissing its complaint

for lack of subject matter jurisdiction because ZocDoc's proffered monetary

damages did not provide complete relief as to Geismann's individual claims; the

individual and putative class claims were therefore not moot. Alternatively,

Geismann asks us to conclude, as a matter of first impression in this Circuit, that

1   even if the offer was complete as to its individual claims, an individual judgment

2   does not render moot a putative class claim, at least when a class-certification

3   motion is pending.  *Cf. Tanasi v. New Alliance Bank*, 786 F.3d 195, 198 (2d Cir.

4   2015), *as amended* (May 21, 2015), *cert. denied*, 136 S. Ct. 979 (2016) (declining to

5   address this question).  While this appeal was pending before us, the Supreme

6   Court decided *Campbell-Ewald*.  Its decision made clear that an unaccepted Rule

7   68 offer of judgment does not render an action moot.  *Campbell-Ewald*, 136 S. Ct.

8   at 670-71.  Because that decision controls our review and is dispositive of the case

9   at bar, we need not, and decline to, reach the issues raised by Geismann in its

10  pre-*Campbell-Ewald* submissions.

11       In *Campbell-Ewald*, the plaintiff sought individual and class-wide relief

12  under the TCPA, alleging that he and members of the putative class received

13  unsolicited text messages sent by the defendant in violation of the statute.  *Id*. at

14  667.  The defendant, like ZocDoc, "proposed to settle [the plaintiff's] individual

15  claim and filed an offer of judgment pursuant to Federal Rule of Civil Procedure

16  68," including an offer to pay "costs, excluding attorney's fees, and $1,503 per

17  message," as well as "a stipulated injunction in which [the defendant] agreed to

18  be barred from sending text messages in violation of the TCPA."  *Id*. at 667-68.

14-3708
*Geismann v. ZocDoc, Inc.*

1   The plaintiff, like Geismann, declined the offer.  *Id.* at 668.  The Supreme Court

2   concluded that an Article III "case" or "controversy" remained, Rule 68 offer

3   notwithstanding,[6] because "[a]n unaccepted settlement offer—like any

4   unaccepted contract offer—is a legal nullity, with no operative effect."  *Id.* at 670

5   (quoting *Genesis Healthcare Corp. v. Symczyk*, --- U.S. ----, 133 S. Ct. 1523, 1533

6   (2013) (Kagan, J., dissenting)).  "[W]ith no settlement offer still operative, the

7   parties remained adverse; both retained the same stake in the litigation they had

8   at the outset."  *Id*. at 670-71.

9        In light of *Campbell-Ewald*, the district court's conclusion in this case that

10  Geismann's claim was "mooted by the amount and content of the Rule 68 offer

11  made by ZocDoc," *Geismann*, 60 F. Supp. 3d at 407, is incorrect.  Rule 68 provides

12  that, "[a]t least 14 days before the date set for trial, a party defending against a

13  claim may serve on an opposing party an offer to allow judgment on specified

14  terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  "The plain purpose of

---

[6] The Supreme Court declined to consider "whether the result would be different if a
defendant deposits the full amount of the plaintiff's individual claim in an account
payable to the plaintiff, and the court then enters judgment for the plaintiff in that
amount." *Campbell-Ewald*, 136 S. Ct. at 672.  That "hypothetical" did not present itself in
*Campbell-Ewald* in part because the district court declined to dismiss the plaintiff's claim
on the ground that it was rendered moot by the unaccepted Rule 68 offer, *Gomez v.
Campbell-Ewald Co.*, 805 F. Supp. 2d 923, 928-30 (C.D. Cal. 2011), and the United States
Court of Appeals for the Ninth Circuit affirmed, *Gomez v. Campbell-Ewald Co.*, 768 F.3d
871, 875 (9th Cir. 2014).

1    Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473

2    U.S. 1, 5 (1985).  Should the offeree decline the offer, however, it "is considered

3    withdrawn."  Fed. R. Civ. P. 68(b).  *Campbell-Ewald* makes clear that such a

4    "withdrawn" offer "ha[s] no continuing efficacy."  136 S. Ct. at 670.  The district

5    court's entry of judgment, therefore, imbued ZocDoc's offer with a power it did

6    not possess.

7         The district court's conclusion in the case now before us is, of course,

8    understandable, it having been reached before *Campbell-Ewald* was decided.

9    And, as we have noted, "our prior case law has not always been entirely clear on

10   this subject." *Tanasi*, 786 F.3d at 199.  The district court also followed the

11   "typically proper" procedure by "enter[ing] judgment against the defendant for

12   the proffered amount and [] direct[ing] payment to the plaintiff consistent with

13   the offer." *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) (per curiam).  But the

14   basis upon which the district court entered judgment did not exist:  An

15   unaccepted Rule 68 offer of judgment does not render an action moot.

16        ZocDoc attempts to distinguish *Campbell-Ewald* on two grounds.  First,

17   unlike *Campbell-Ewald*, the district court entered judgment in this case, giving

18   effect to the unaccepted offer.  We do not find this distinction meaningful

12

1    because the judgment should not have been entered in the first place.  *See*

2    *Campbell-Ewald*, 136 S. Ct. at 672 ("[A]n unaccepted settlement offer or offer of

3    judgment does not moot a plaintiff's case, so the District Court retained

4    jurisdiction to adjudicate [the plaintiff's] complaint.").  "Under basic principles of

5    contract law," *id.* at 670, "the recipient's rejection of an offer leaves the matter as if

6    no offer had ever been made. . . .  So assuming the case was live before—because

7    the plaintiff had a stake and the court could grant relief—the litigation carries on,

8    unmooted," *id.* (quoting *Genesis Healthcare*, 133 S. Ct. at 1533 (Kagan, J.,

9    dissenting) (internal quotation marks omitted)).  The result in *Campbell-Ewald*

10   cannot be avoided simply by entering a judgment effectuating an otherwise

11   precluded dismissal.

12        ZocDoc notes that the district court did not act reflexively, having carefully

13   considered the content of the rejected offer.  Be that as it may, the offer that the

14   district court carefully reviewed was null and void at the time.  It is of no

15   moment whether the offer "more than satisfie[d] any recovery Geismann could

16   make under the applicable statute." *Geismann*, 60 F. Supp. 3d at 406.  "When a

17   plaintiff rejects [a Rule 68] offer—however good the terms—her interest in the

18   lawsuit remains just what it was before.  And so too does the court's ability to

1    grant her relief." *Campbell-Ewald*, 136 S. Ct. at 670 (quoting *Genesis Healthcare*, 133

2    S. Ct. at 1533 (Kagan, J., dissenting)).

3        Geismann also contests whether the offer in fact "more than satisfie[d] any

4    recovery [it] could make under the applicable statute." *Geismann*, 60 F. Supp. 3d

5    at 406.  Indeed, Geismann insisted in its opposition to the motion to dismiss that

6    the amount proffered by ZocDoc did not "provide[] full satisfaction of

7    [Geismann's] claim," in part because the parties had divergent legal theories

8    regarding the amount of damages available under the TCPA.[7]  Pl.'s Opp'n to

9    Def.'s Mot. to Dismiss at 14 n.4, *Geismann v. ZocDoc, Inc.*, No. 14-cv-7009

10   (S.D.N.Y. Sept. 25, 2014), ECF No. 53.  That constitutes a live controversy

11   precluding dismissal on the basis of mootness.  "A case becomes moot only when

12   it is impossible for a court to grant any effectual relief whatever to the prevailing

13   party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, --- U.S. ----, 132 S. Ct. 2277,

14   2287 (2012) (internal quotation marks omitted).  While we recognized prior to

15   *Campbell-Ewald* that a judgment entered pursuant to an offer can render an action

---

[7] While we decline to resolve this dispute, we note that Geismann's position is not frivolous.  To wit: the Eleventh Circuit recently sided in favor of Geismann's per-violation interpretation of the TCPA. *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015) ("In plain terms, the statute allows a person to recover '$500 in damages for each' 'violation of this subsection.'  Section 227(b)(1) has no language limiting the recovery to $500 per 'call' or 'fax.'" (citation omitted)).

1    moot where "the parties *agree* that a judgment should be entered against the

2    defendant," *Tanasi*, 786 F.3d at 200 (emphasis added), the offer of judgment alone

3    does not have the same or a similar effect, *see, e.g.*, *Hepler v. Abercrombie & Fitch*

4    *Co.*, 607 F. App'x 91, 92-93 (2d Cir. 2015) (summary order); *Franco v. Allied*

5    *Interstate LLC*, 602 F. App'x 40, 41 (2d Cir. 2015) (summary order).  This was

6    neither a case in which the parties agreed to the entry of a particular judgment,

7    *see Tanasi*, 786 F.3d at 200, nor one in which an *accepted* offer rendered the

8    plaintiff's claim moot, s*ee Bank v. Alliance Health Networks, LLC*, --- F. App'x ----,

9    2016 WL 6128043, at *1, 2016 U.S. App. LEXIS 18849, at *2 (2d Cir. 2016)

10    (summary order) (stating that although the "Supreme Court has held that an

11    unaccepted Rule 68 offer of judgment, on its own, will not moot a plaintiff's

12    claims," that rule does not control where, unlike here, the plaintiff "negotiated the

13    check" proffered by the defendants).

14        ZocDoc also argues that *Campbell-Ewald* is distinguishable because

15    Geismann was not left "emptyhanded."  136 S. Ct. at 672.  We disagree.  ZocDoc's

16    unsuccessful attempt to tender judgment notwithstanding, Geismann has not

17    been compensated in satisfaction of its claim, which would require, at a

18    minimum, its acceptance of a valid offer.  *See id.* ("[W]hen the settlement offer . . .

1    expired, [the plaintiff] remained emptyhanded; [the plaintiff's] TCPA complaint,

2    which [the defendant] opposed on the merits, stood wholly unsatisfied.").

3    Geismann thus remains emptyhanded, distinguishing this case from the trio of

4    19th-century tax cases that ZocDoc cites for the proposition that Geismann's

5    claim is "extinguished"; in each of those cases, the claimant accepted tender.  *See*

6    *California v. San Pablo & Tulare R.R. Co.*, 149 U.S. 308, 314 (1893) (finding that the

7    dispute was resolved by "the offer to pay all [] sums, and the deposit of money in

8    a bank, which *by a statute* of the state have the same effect as actual payment and

9    *receipt* of the money" (emphases added)); *Little v. Bowers*, 134 U.S. 547, 552 (1890)

10   (observing that there was "no denial of the fact that the taxes in dispute ha[d]

11   been paid" and therefore, implicitly, accepted); *San Mateo Cnty. v. S. Pac. R.R. Co.*,

12   116 U.S. 138, 141 (1885) (noting that there was no dispute that the "debt for which

13   the suit was brought ha[d] been unconditionally paid and satisfied").

14        ZocDoc's post-judgment actions move it no closer to its goal.  The order

15   granting leave to deposit a check in the amount of $6,100.00 with the clerk of the

16   district court in satisfaction of judgment was made pursuant to and in

17   furtherance of a judgment that should not have been entered in the first place.

18   And even if that deposit had satisfied Geismann's demand for monetary relief, it

16

Case 1:14-cv-07009-LLS   Document 66   Filed 03/09/17   Page 17 of 18
Case 14-3708, Document 161, 03/09/2017, 1985725, Page17 of 18

14-3708
*Geismann v. ZocDoc, Inc.*

1    alone does nothing to satisfy the demand for injunctive relief.  *Cf. Mey v. N. Am.*

2    *Bancard, LLC*, 655 F. App'x 332, 336 (6th Cir. 2016) (summary order) (observing

3    that "a tender" of monetary damages alone "does nothing to satisfy [the

4    plaintiff's] request for injunctive relief").

5         This is also not a case that matches the hypothetical posed by *Campbell-*

6    *Ewald*, where the Supreme Court declined to consider whether the outcome

7    would be different had the "defendant deposit[ed] the full amount of the

8    plaintiff's individual claim in an account payable to the plaintiff, and the court

9    *then* enter[ed] judgment for the plaintiff in that amount."  136 S. Ct. at 672

10   (emphasis added).  Here the district court entered a judgment that should not

11   have been entered in the first place, and ZocDoc then more than one year later

12   deposited an amount in satisfaction of that errant judgment in an account

13   payable to Geismann.  Accordingly, we need not, and do not, decide whether a

14   different outcome would result if the facts here matched the *Campbell-Ewald*

15   hypothetical.[8]

---

   [8] We note, without deciding because the situation is not before us, that an attempt by
the defendant to use the tactic described in the *Campbell-Ewald* hypothetical to "place [it]
in the driver's seat," 136 S. Ct. at 672, might not work.  The Supreme Court's criticism of
similar tactics suggests that Rule 68 should be harmonized with Rule 23.  *See id.*
(describing a "kindred strategy" intended to "avoid a potential adverse decision" as a

1    **D. Other Issues**

2    Because we conclude that ZocDoc's unaccepted offer did not moot

3    Geismann's individual claim, we need not address the remaining issues raised on

4    appeal.  The district court should not have entered judgment on the basis of

5    ZocDoc's offer, nor therefore should it have dismissed Geismann's action.

6    Because a named plaintiff remains in this action, the dismissal of the class claim

7    was also in error.  Although the district court may, in its discretion, permit

8    ZocDoc to deposit with the court "any part of the relief sought," Fed. R. Civ. P.

9    67, the basis for so granting the defendant leave to deposit must not be

10   inconsistent with this opinion.

11                                    **CONCLUSION**

12   For the foregoing reasons, we VACATE the judgment of the district court

13   and REMAND for further proceedings.

---

"gambit"); *cf. Genesis Healthcare*, 133 S. Ct. at 1536 (Kagan, J., dissenting) (stating that a court should not "short-circuit" a statutory collective action "by acceding to a defendant's proposal to make only the named plaintiff whole").  The Supreme Court has also acknowledged that "[r]equiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained obviously would frustrate the objectives of class actions," and "would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980).  However, we need not, and therefore do not, weigh in on whether further maneuvers by the defendant might render a motion to dismiss viable.  We do no more than observe the obvious: an attempt to make use of the hypothetical posited in *Campbell-Ewald* is not guaranteed to bear fruit.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

18