# VEDDER PRICE.

222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
T: +1 (312) 609 7500
F: +1 (312) 609 5005

CHICAGO • NEW YORK • WASHINGTON, DC
LONDON • SAN FRANCISCO • LOS ANGELES

BLAINE C. KIMREY
SHAREHOLDER
+1 (312) 609 7865
bkimrey@vedderprice.com

April 26, 2017

**VIA CM/ECF FILING**
Hon. Louis L. Stanton, U.S.D.J.
United States Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    *Geismann v. ZocDoc, Inc.*, Case No. 1:14-cv-07009-LLS

Dear Judge Stanton:

     I represent defendant ZocDoc, Inc. ("ZocDoc") in the above-referenced matter. Pursuant to the Court's Individual Practices at Paragraph 2(A), I am writing to request a pre-motion conference concerning ZocDoc's request to deposit funds with the Clerk pursuant to Federal Rule of Civil Procedure 67, S.D.N.Y. Local Rule 67.1, and 28 U.S.C. § 2041, as well as ZocDoc's proposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and S.D.N.Y. Local Rule 56.1.[1] By depositing funds with the Court and then seeking an individual judgment in favor of plaintiff Radha Geismann, M.D., P.C. ("Geismann") for $20,000.00 and an injunction barring ZocDoc from ever sending any fax of any kind to Geismann in the future, ZocDoc intends to surrender on Geismann's individual claims and perfect the hypothetical contemplated by the Supreme Court of the United States in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), and the Second Circuit in *Geismann v. ZocDoc, Inc.*, 850 F.3d 507 (2d Cir. 2017).

     On September 26, 2014, this Court entered a judgment for $6,000.00 (six thousand dollars), plus reasonable attorneys' fees to be determined by the Court, in favor of Geismann, enjoined ZocDoc from sending any faxes to Geismann's number without proper opt-out notices under the TCPA, and dismissed the class allegations. *See* Docket Entry 55. Geismann appealed the Court's Order to the Second Circuit. *See* Docket Entry 56. While the matter was on appeal, the Supreme Court decided *Campbell-Ewald*, in which the court held that an unaccepted Rule 68 offer does not moot a putative class action. *Id.* at 672. The majority decision in *Campbell-Ewald* specifically reserved the issue of whether a judgment entered after a defendant deposited the full amount of a named plaintiff's claims would be appropriate. *Id.* ("We need not, and do

---

[1] ZocDoc attaches as **Exhibit A** the proposed order that it intends to submit to the Clerk for inspection and approval as required by Local Rule 67.1 if the Court approves the request to deposit funds.

**VEDDER PRICE**

Hon. Louis L. Stanton, U.S.D.J.
April 26, 2017
Page 2

not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount."). Indeed, Chief Justice Roberts and Justices Alito and Scalia noted in dissent that the majority likely would have reached a different result had judgment been entered and/or if the funds had been tendered to the plaintiff: "The majority does not say that *payment* of complete relief leads to the same result. . . .  This Court leaves that question for another day — assuming there are other plaintiffs out there who, like Gomez, won't take 'yes' for an answer." *Id.* at 683 (Roberts, C.J., dissenting) (emphasis in original). Justice Alito further stated that "I am heartened that the Court appears to endorse the proposition that a plaintiff's claim *is* moot once he has 'received full redress' from the defendant for the injuries he has asserted. . . .  Today's decision thus does not prevent a defendant who actually pays complete relief — either directly to the plaintiff or to a trusted intermediary — from seeking dismissal on mootness grounds." *Id.* at 685 (Alito, J., dissenting) (emphasis in original).

On February 3, 2016, after *Campbell-Ewald* was decided and while Geismann's appeal was still pending, the Court granted ZocDoc leave to deposit $6,100.00 (six thousand one hundred dollars) in an interest-bearing account with the Clerk, which was intended to satisfy the Court's monetary judgment in favor of Geismann.[2]  *See* Docket Entry 63. On April 3, 2017, the Second Circuit decided Geismann's appeal and vacated the Court's judgment.  *See* Docket Entries 67-68. The Second Circuit found that under *Campbell-Ewald*, entry of judgment based on an expired Rule 68 offer, followed by ZocDoc entering the settlement amount into an interest-bearing account, did not moot Geismann's claims.  *Id.* The Second Circuit also found that this case did not present "the hypothetical posed by *Campbell-Ewald*, where the Supreme Court declined to consider whether the outcome would be different had the 'defendant deposit[ed] the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enter[ed] judgment for the plaintiff in that amount'" because the Court's judgment was entered before the deposit was made. 850 F.3d at 514.

ZocDoc now seeks to perfect the hypothetical contemplated by the Supreme Court in *Campbell-Ewald* and the Second Circuit in *Geismann*.  Specifically, to fully resolve Geismann's individual claims, ZocDoc hereby makes an open-ended offer to Geismann with no expiration date of a total of $20,000.00 (twenty thousand dollars) and for all individual injunctive relief Geismann seeks in the operative complaint, including but not limited to an injunction barring ZocDoc from ever sending any fax of any kind to Geismann in the future.  Such injunctive relief is actually in excess of — but also includes — all injunctive relief sought or recoverable by Geismann in this action.  While ZocDoc's original deposit of $6,100.00 is enough to fully satisfy Geismann's individual monetary claims, ZocDoc has made the $20,000.00 offer to remove any possible argument that Geismann may be entitled to more.  In fact, Geismann has repeatedly

---

[2] The deposit remains in the possession of the Clerk.

**VEDDER PRICE**

Hon. Louis L. Stanton, U.S.D.J.
April 26, 2017
Page 3

conceded that its maximum recovery in this case would be $12,000.00 (twelve thousand dollars). *See, e.g.,* Docket Entry 61, at p. 2 ("Plaintiff seeks $1,500 *per violation* of the TCPA and related regulations in each of the two faxes she received, which totals $12,000.") (emphasis in original); *see also Geismann v. ZocDoc, Inc.*, Case No. 14-3708 (2nd Cir.), Docket Entry 40, at pp. 28-29 ("[U]nder Plaintiff's theory, ZocDoc would have to offer $12,000 to cover 'each such violation' of the TCPA implementing regulations, given the eight independent opt-out-notice violations in the two faxes attached to the FAC, just to satisfy Plaintiff's individual claims."); *Geismann v. ZocDoc, Inc.*, Case No. 16-0663 (2nd Cir.), Docket Entry 28, at p. 13 ("ZocDoc's deposit of $6,100 does not satisfy Plaintiff's entire individual demand of $12,000 on Plaintiff's theory that Plaintiff may recover statutory damages for multiple TCPA violations per fax."); *id.* at p. 32 ("Plaintiff has consistently maintained at the district court and before this Court in No. 14-3708 that it is entitled to recover statutory damages of up to $1,500 for each of eight independent TCPA violations in the two faxes it received. . . .  That would total $12,000 for Plaintiff's individual statutory damages.").

The deposit that ZocDoc seeks to make not only is in line with the *Campbell-Ewald* hypothetical and consistent with the procedure suggested by Chief Justice Roberts and Justice Alito, but also complies with Federal Rule of Civil Procedure 67(a), which states that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party — on notice to every other party and by leave of court — may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Courts in this district have interpreted Rule 67 to allow deposits of disputed judgments. *See, e.g., United States Overseas Airlines, Inc. v. Compania Aerea Viajes Expresos de Venezuela, S. A.,* 161 F. Supp. 513, 515 (S.D.N.Y. 1958). Thus, pursuant to Local Rule 67.1, ZocDoc requests that the Clerk invest the funds in an interest-bearing account and that the Clerk deduct from the income on the investment a fee equal to ten percent (10%) of the income earned, but not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office. After ZocDoc deposits the additional $13,900.00 (thirteen thousand nine hundred dollars), ZocDoc will seek to perfect the *Campbell-Ewald* hypothetical by filing a motion for summary judgment in which it will ask the Court to enter a judgment in favor of Geismann and against ZocDoc for the full amount of Geismann's individual claims and to dismiss the class allegations without prejudice.

For the foregoing reasons, ZocDoc intends to request leave to deposit $13,900.00 with the Clerk for the United States District Court for the Southern District of New York (increasing the full amount on deposit to $20,000.00). ZocDoc will then move for summary judgment, asking the Court to enter individual judgment in favor of Geismann and against ZocDoc for $20,000.00 and an injunction barring ZocDoc from ever sending any fax of any kind to Geismann in the future. ZocDoc therefore requests a pre-motion conference concerning these motions pursuant to the Court's Individual Practices.

VEDDER PRICE.

Hon. Louis L. Stanton, U.S.D.J.
April 26, 2017
Page 4

Sincerely,

Blaine C. Kimrey

cc:     Aytan Bellin, Esq., via CM/ECF filing
        Ross M. Good, Esq., via CM/ECF filing
        Max G. Margulis, Esq., via CM/ECF filing
        Ryan M. Kelly, Esq., via CM/ECF filing
        Brian J. Wanca, Esq., via CM/ECF filing

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RADHA GEISMANN, M.D., P.C.,

                    Plaintiff,                    Case No. 14 Civ. 7009 (LLS) (KNF)


            v.

ZOCDOC, INC., *et al.*,

                    Defendants.

## ORDER FOR DEPOSIT IN INTEREST BEARING ACCOUNT

WHEREAS, this matter came before the Court on defendant ZocDoc, Inc.'s request to deposit funds with the Clerk of the United District Court for the Southern District of New York, pursuant to Federal Rule of Civil Procedure 67, S.D.N.Y. Local Rule 67.1, and 28 U.S.C. § 2041;

WHEREAS, on September 26, 2014, the Court entered a judgment for $6,000.00 (six thousand dollars), plus reasonable attorneys' fees as determined by the Court, in favor of the plaintiff Radha Geismann, M.D., P.C. ("Geismann") and against ZocDoc, enjoined ZocDoc from sending any faxes to Geismann's number without proper opt-out notices under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and dismissed the class allegations;

WHEREAS, Geismann appealed the Court's Order to the Second Circuit, where the case remained pending until the Second Circuit vacated the judgment and issued its mandate on April 3, 2017;

1

WHEREAS, on February 3, 2016, while the matter was on appeal, the Court granted ZocDoc leave to deposit $6,100.00 (six thousand one hundred dollars) with the Clerk, to be placed in an interest-bearing account;

WHEREAS, on April 26, 2017, ZocDoc offered to Geismann a total of $20,000.00 (twenty thousand dollars) to resolve this matter, plus injunctive relief;

WHEREAS, ZocDoc has sought leave to deposit an additional $13,900.00 (thirteen thousand nine hundred dollars) with the Clerk, to be placed in an interest-bearing account;

WHEREAS, the proposed deposit and injunctive relief would invoke the hypothetical that has been discussed, but not ruled upon, in both *Geismann v. ZocDoc, Inc.,* 850 F.3d 507 (2d Cir. 2017) and *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016); and

WHEREAS, the Clerk has approved the form Order pursuant to Local Rule 67.1.

**IT IS SO ORDERED THAT:**

1.      The request is GRANTED.  Defendant ZocDoc, Inc. is granted leave to deposit $13,900.00 (thirteen thousand nine hundred dollars) with the Clerk.

2.      The Clerk shall invest such funds in an interest-bearing account.

3.      The Clerk shall deduct from the income on the investment a fee equal to ten percent (10%) of the income earned, but not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.

4.      ZocDoc shall serve a copy of this Order on the Clerk and the Financial Deputy of this Court pursuant to Local Rule 67.1.

Dated: New York, New York                    _____
       April ___, 2017                       LOUIS L. STANTON
                                             U.S.D.J.

2