USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/28/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
RADHA GEISMANN, M.D., P.C.,

               Plaintiff,

    - against -

ZOCDOC, INC.,

               Defendant.
- - - - - - - - - - - - - - - - - - -X

14 Civ. 7009 (LLS)

OPINION & ORDER

    Defendant ZocDoc, Inc. requests leave to deposit $13,900.00 with the Clerk of Court and to move for summary judgment. For the following reasons, ZocDoc's request is granted.

### Background

    In 2014, plaintiff Radha Geismann, M.D., P.C., a Missouri professional corporation, filed a complaint in Missouri state court, alleging that it received two unsolicited faxes from ZocDoc, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, which, inter alia, prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless "the unsolicited advertisement is from a sender with an established business relationship," the recipient volunteered its number to the sender, or the fax meets certain other notice requirements. Id. § 227(b)(1)(C).

- 1 -

Geismann seeks between $500.00 and $1,500.00 for each alleged TCPA violation, an injunction prohibiting ZocDoc from sending similar faxes in the future, and costs. It also filed a motion for class certification. On March 13, 2014, ZocDoc removed the action to the United States District Court for the District of Missouri. Two weeks later, ZocDoc made an offer of judgment pursuant to Fed. R. Civ. P. 68(a) for $6,000.00, plus reasonable attorney's fees, and an injunction prohibiting it from sending Geismann similar faxes in the future. On April 8, Geismann rejected the offer.

On April 18, 2014, ZocDoc moved to transfer the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), which the court granted. ZocDoc then moved to dismiss the complaint, arguing that its offer of judgment satisfied all of Geismann's claims, thereby mooting the action.

On September 26, 2014, I granted ZocDoc's motion and entered judgment, holding that its offer of judgment "more than satisfies any recovery Geismann could make under the applicable statute" and as a result, "there remains no case or controversy before the Court." Geismann v. ZocDoc, Inc., 60 F. Supp. 3d 404, 406-07 (S.D.N.Y. 2014), vacated and remanded, 850 F.3d 507 (2d Cir. 2017). Geismann appealed.

On January 20, 2016, during the pendency of Geismann's appeal to the Second Circuit, the Supreme Court decided Campbell-Ewald Co. v. Gomez, ___ U.S. ___, 136 S. Ct. 663 (2016), which resolved a circuit split over whether a defendant's unaccepted offer of judgment pursuant to Fed. R. Civ. P. 68 in full satisfaction of a plaintiff's claim moots that plaintiff's claim so as to deprive a federal court of the Article III "cases" and "controversies" jurisdictional requirement. In Campbell-Ewald, respondent Jose Gomez sued for damages pursuant to the TCPA for unsolicited text messages he received from petitioner Campbell. Id. at 667. Before the agreed-upon deadline for Gomez to file for class certification, Campbell made an offer of settlement pursuant to Fed. R. Civ. P. 68. Id. It offered to pay Gomez costs, excluding attorney's fees, and $1,503.00 for every unsolicited text message Gomez could show he had received. Id. at 668. Campbell also proposed an injunction barring it from sending further text messages in violation of the TCPA. Id. Gomez allowed Campbell's offer to expire after the fourteen days specified in Rule 68. Id. Campbell then moved for summary judgment pursuant to Fed. R. Civ. P. 12(b)(1). Id. It argued that its offer mooted Gomez's claims and accordingly, there remained no Article III case or controversy to adjudicate. Id.

Holding that such an unaccepted offer does not moot an action, the majority adopted Justice Kagan's dissent in <u>Genesis Healthcare Corp. v. Symczyk</u>, 569 U.S. 66, 133 S. Ct. 1523, 1532 (2013) (Kagan, J., dissenting):

> "When a plaintiff rejects such an offer--however good the terms--her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer--like any unaccepted contract offer--is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer 'leaves the matter as if no offer had ever been made.' <u>Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill</u>, 119 U.S. 149, 151 [7 S. Ct. 168, 30 L. Ed. 376] (1886). Nothing in Rule 68 alters that basic principle; to the contrary, that rule specifies that '[a]n unaccepted offer is considered withdrawn.' Fed. Rule Civ. Proc. 68(b). So assuming the case was live before--because the plaintiff had a stake and the court could grant relief--the litigation carries on, unmooted." <u>Ibid.</u>

<u>Campbell-Ewald</u>, 136 S. Ct. at 670, 193, quoting <u>Genesis Healthcare</u>, 133 S. Ct. at 1532 (Kagan, J., dissenting).

The Supreme Court also raised a hypothetical which it declined to decide--"whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." <u>Id.</u> at 672.

On February 1, 2016, ZocDoc requested leave to deposit $6,100.00 with the Clerk in satisfaction of its offer of settlement. I granted its request, noting "No principle or

authority appears to prevent compliance with an unstayed judgment, even one under appeal." Dkt. No. 62. On February 5, 2016, ZocDoc deposited $6,100.00 with the Court's Clerk's Office, where it remains.

On March 9, 2017, the Second Circuit reversed and remanded my September 26, 2014 order and judgment, stating (850 F.3d at 512-13) (brackets and alterations in original):

> While this appeal was pending before us, the Supreme Court decided Campbell-Ewald. Its decision made clear that an unaccepted Rule 68 offer of judgment does not render an action moot. Campbell-Ewald, 136 S. Ct. at 670-71. Because that decision controls our review and is dispositive of the case at bar, we need not, and decline to, reach the issues raised by Geismann in its pre-Campbell-Ewald submissions.
>
> In Campbell-Ewald, the plaintiff sought individual and class-wide relief under the TCPA, alleging that he and members of the putative class received unsolicited text messages sent by the defendant in violation of the statute. Id. at 667. The defendant, like ZocDoc, "proposed to settle [the plaintiff's] individual claim and filed an offer of judgment pursuant to Federal Rule of Civil Procedure 68," including an offer to pay "costs, excluding attorney's fees, and $1,503 per message," as well as "a stipulated injunction in which [the defendant] agreed to be barred from sending text messages in violation of the TCPA." Id. at 667-68. The plaintiff, like Geismann, declined the offer. Id. at 668. The Supreme Court concluded that an Article III "case" or "controversy" remained, Rule 68 offer notwithstanding, because "[a]n unaccepted settlement offer--like any unaccepted contract offer--is a legal nullity, with no operative effect." Id. at 670 (quoting Genesis Healthcare Corp. v. Symczyk, --- U.S. ----, 133 S. Ct. 1523, 1533, 185 L.Ed.2d 636 (2013)

(Kagan, J., dissenting)). "[W]ith no settlement offer still operative, the parties remained adverse; both retained the same stake in the litigation they had at the outset." Id. at 670-71.

In light of Campbell-Ewald, the district court's conclusion in this case that Geismann's claim was "mooted by the amount and content of the Rule 68 offer made by ZocDoc," Geismann, 60 F. Supp. 3d at 407, is incorrect. Rule 68 provides that, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." Marek v. Chesny, 473 U.S. 1, 5, 105 S. Ct. 3012, 87 L.Ed.2d 1 (1985). Should the offeree decline the offer, however, it "is considered withdrawn." Fed. R. Civ. P. 68(b). Campbell-Ewald makes clear that such a "withdrawn" offer "ha[s] no continuing efficacy." 136 S. Ct. at 670. The district court's entry of judgment, therefore, imbued ZocDoc's offer with a power it did not possess.

The district court's conclusion in the case now before us is, of course, understandable, it having been reached before Campbell-Ewald was decided. And, as we have noted, "our prior case law has not always been entirely clear on this subject." Tanasi, 786 F.3d at 199. The district court also followed the "typically proper" procedure by "enter[ing] judgment against the defendant for the proffered amount and [ ] direct[ing] payment to the plaintiff consistent with the offer." Cabala v. Crowley, 736 F.3d 226, 228 (2d Cir. 2013) (per curiam). But the basis upon which the district court entered judgment did not exist: An unaccepted Rule 68 offer of judgment does not render an action moot.

The Second Circuit cautioned that Rule 23 being "harmonized" with Rule 68 might impair the hypothetical's application to class actions:

> We note, without deciding because the situation is not before us, that an attempt by the defendant to use the tactic described in the Campbell-Ewald hypothetical to "place [it] in the driver's seat," 136 S. Ct. at 672, might not work. The Supreme Court's criticism of similar tactics suggests that Rule 68 should be harmonized with Rule 23. See id. (describing a "kindred strategy" intended to "avoid a potential adverse decision" as a "gambit"); cf. Genesis Healthcare, 133 S. Ct. at 1536 (Kagan, J., dissenting) (stating that a court should not "short-circuit" a statutory collective action "by acceding to a defendant's proposal to make only the named plaintiff whole"). The Supreme Court has also acknowledged that "[r]equiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained obviously would frustrate the objectives of class actions," and "would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 339, 100 S. Ct. 1166, 63 L.Ed.2d 427 (1980). However, we need not, and therefore do not, weigh in on whether further maneuvers by the defendant might render a motion to dismiss viable. We do no more than observe the obvious: an attempt to make use of the hypothetical posited in Campbell-Ewald is not guaranteed to bear fruit.

Id. at 515, n.8 (brackets in original).

On April 26, 2017, ZocDoc requested a pre-motion conference, in accordance with my individual practices, to "perfect the hypothetical contemplated by the Supreme Court in

Campbell-Ewald and the Second Circuit in Geismann." ZocDoc stated:

> Specifically, to fully resolve Geismann's individual claims, ZocDoc hereby makes an open-ended offer to Geismann with no expiration date of a total of $20,000.00 (twenty thousand dollars) and for all individual injunctive relief Geismann seeks in the operative complaint, including but not limited to an injunction barring ZocDoc from ever sending any fax of any kind to Geismann in the future.

Dkt No. 69 at 2.

> After ZocDoc deposits the additional $13,900.00 (thirteen thousand nine hundred dollars), ZocDoc will seek to perfect the Campbell-Ewald hypothetical by filing a motion for summary judgment in which it will ask the Court to enter a judgment in favor of Geismann and against ZocDoc for the full amount of Geismann's individual claims and to dismiss the class allegations without prejudice.

Id. at 3.

On May 2, Geismann filed its opposition to ZocDoc's request. Dkt. No. 70 at 1.

**Discussion**

Campbell-Ewald is significant here not only for what it did, but also for what each justice stressed it did not decide. The majority reserved the question of "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." 136 S. Ct. at 672.

Since Campbell-Ewald, courts have been split on that issue. Compare Gray v. Kern, 143 F. Supp. 3d 363, 367 (D. Md. 2016) ("a measure which makes absolutely clear that the defendant will pay the complete relief the plaintiff can recover and that the plaintiff will be able to receive that relief will moot the issue in controversy"), S. Orange Chiropractic Ctr. v. Cayan, 15 Civ. 13069 (PBS), 2016 WL 1441791, at *5 (D. Mass. Apr. 12, 2016) ("I conclude that this named plaintiff no longer has the requisite 'live claim' because Defendant has offered to deposit a check with the court . . . ."), and Leyse v. Lifetime Entm't Servs., 13 Civ. 5794 (AKH), 171 F. Supp. 3d 153, 155 (S.D.N.Y. 2016), aff'd, 679 F. App'x 44 (2d Cir. 2017), ("once the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor"), with Bais Yaakov of Spring Valley v. Educ. Testing Serv., ___ F. Supp. 3d ___, 13 Civ. 4577 (KMK), 2017 WL 1906890, at *14 (S.D.N.Y. May 8, 2017) ("the Court concludes that a representative plaintiff's claim is not mooted where a defendant tenders complete individual relief, even where no class has yet been certified"), and Bell v. Survey Sampling Int'l, LLC, 15 Civ. 1666 (MPS), 2017 WL 1013294, at *5 (D. Conn. Mar. 15, 2017) ("I join the many other courts, including courts in this

Circuit, in concluding that full tender does not moot a putative class action prior to a decision on class certification.").

I agree with those cases finding that a defendant's full tender renders the action moot. There is a consequential difference between on the one hand a defendant's offer of an adequate amount in an offer of judgment whose utility depends on its being timely accepted under principles of contract and Fed. R. Civ. P. 68, and on the other hand a tender ("A valid and sufficient offer of performance; specif., an unconditional offer of money or performance to satisfy a debt or obligation" Black's Law Dictionary 1696 (10th ed. 2014)) which independently and fully satisfies a plaintiff's claim, not because of plaintiff's agreement but because full payment extinguishes the claim. That is the principle which underlies the declaration imprinted on each Federal Reserve note: "This note is legal tender for all debts, public and private."

In Campbell-Ewald, the majority reserved (for a case presenting it) the question whether a tender moots a plaintiff's claim (136 S. Ct. at 672); the remaining four justices insisted that tendering payment moots an action. Justice Thomas concurred only because ". . . a mere offer of the sum owed is insufficient to eliminate a court's jurisdiction to decide the case to which the offer related" (id. at 674), unlike "a fully

- 10 -

tendered offer that extinguished the tax debt under California law." Id. at 677.  Justice Roberts, joined by Justice Alito and Justice Scalia, dissented, basically because "the federal courts exist to resolve disputes, not to rule on a plaintiff's entitlement to relief already there for the taking." Id. at 678.  "If the defendant is willing to give the plaintiff everything he asks for, there is no case or controversy to adjudicate, and the lawsuit is moot." Id. at 682.  If there were any "question whether Campbell is willing and able to pay, there is an easy answer:  have the firm deposit a certified check with the trial court." Id. at 681.  Justice Alito noted in his own dissent "outright payment is the surest way for a defendant to make the requisite mootness showing." Id. at 684.

ZocDoc's proposal presents precisely those facts.  It seeks permission to deposit a total of $20,000.00 with the Clerk of Court.  The additional $13,900.00 it seeks to deposit brings the total to an amount far exceeding any Geismann could recover under the statute. Campbell-Ewald, 136 S. Ct. at 683 (Alito, J., dissenting) (". . . a defendant may extinguish a plaintiff's personal stake in pursuing a claim by offering complete relief on the claim, even if the plaintiff spurns the offer.  Our Article III precedents make clear that, for mootness purposes, there is nothing talismanic about the plaintiff's acceptance.")

- 11 -

(citation omitted).  There is no occasion to harmonize Rule 68 in the analysis:  the matter is not one of contract, but of Constitutional law.

The Second Circuit, affirming the district court's entry of judgment, held in a summary order that Campbell-Ewald did not overturn prior case law permitting the court to enter judgment under the same circumstance (Leyse, 679 F. App'x at 47-48) (emphasis and alterations in original):

> Leyse contends that the district court erred in entering judgment on his individual claim upon Lifetime's depositing with the clerk of court the full amount of damages and costs recoverable by Leyse under the TCPA, even though Leyse had not accepted Lifetime's Fed. R. Civ. P. 68 offer of judgment in that amount.  The argument is defeated by precedent.  While an unaccepted Fed. R. Civ. P. 68 offer for complete relief does not moot a case—that is, it does not strip the district court of jurisdiction over the case—such an offer, if rejected, may nonetheless permit a court to enter a judgment in the plaintiff's favor.  See Tanasi v. New All. Bank, 786 F.3d 195, 200-201 (2d Cir. 2015); Cabala v. Crowley, 736 F.3d 226, 228 (2d Cir. 2013).
>
> Leyse argues that Campbell-Ewald Co. v. Gomez, --- U.S. ----, 136 S. Ct. 663, 193 L.Ed.2d 571 (2016), abrogated these precedents.  The argument fails because Campbell-Ewald Co. held only that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," and therefore a district court "retain[s] jurisdiction" to adjudicate it.  Id. at 672.  In so holding, the Court expressly stated that its holding did not extend to cases in which a defendant "deposits the full amount of the plaintiff's individual claim in an account payable to the

plaintiff, and the court then enters judgment for the plaintiff in that amount." Id. Because that is the precise scenario at issue here, we conclude that Campbell-Ewald Co. does not undermine the controlling effect of Tanasi and similar precedents permitting the entry of judgment under these circumstances. We therefore affirm the district court's entry of judgment on Leyse's individual claim.

Thus on authority, and sound principles applied in the Second Circuit summary order after Campbell-Ewald, when ZocDoc has deposited with the Clerk of Court an additional $13,900.000 comprising an amount securing a judgment satisfying all of Geismann's monetary claims, and an unconditional consent to a proper form of injunction, it can make a cognizable, good-faith argument that this case should be terminated. The relevant law will no longer be that of contract, offer and acceptance, or Rule 68; it will be the Constitutional requirement of a case or controversy.

## Conclusion

ZocDoc's motion (Dkt. No. 69) for leave to deposit $13,900.00 with the Clerk of Court, to be held with the $6,100.00 already deposited, payable to the plaintiff to secure a $20,000.00 judgment in favor of plaintiff, with a satisfactory form of consent to the entry of an injunction, and thereafter to follow the procedures for filing a motion for summary judgment, is granted.

So ordered.

Dated: New York, N.Y.
       July 28, 2017

                                        */s/ Louis L. Stanton*
                                          Louis L. Stanton
                                             U.S.D.J.