UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RADHA GEISMANN, M.D., P.C., <br><br> Plaintiff, <br><br> v. <br><br> ZOCDOC, INC., *et al.*, <br><br> Defendants. | Case No. 14 Civ. 7009 (LLS) (KNF) |

## MEMORANDUM IN SUPPORT OF ZOCDOC INC.'S MOTION FOR SUMMARY JUDGMENT

Through its motion for summary judgment, defendant ZocDoc, Inc. ("ZocDoc") asks the Court to enter individual judgment in favor of plaintiff Radha Geismann, M.D., P.C. ("Geismann") and against ZocDoc for $20,000.00 and an injunction barring ZocDoc from ever sending any fax of any kind to Geismann in the future, thereby perfecting the hypothetical contemplated by the Supreme Court of the United States in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), and the Second Circuit in *Geismann v. ZocDoc, Inc.,* 850 F.3d 507 (2d Cir. 2017) ("*Geismann II*"). With the Court's approval, ZocDoc has deposited funds with the Court that far exceed the amount that Geismann could recover in this litigation, and ZocDoc has consented to an injunction being entered against it. Because funds deposited with the Court will be readily available to Geismann, it will no longer have standing to assert claims against ZocDoc (nor will Geismann be an adequate class representative under Fed. R. Civ. P. 23). Accordingly, the Court should enter summary judgment in favor of Geismann and against ZocDoc for the full amount of the deposit ($20,000.00) plus injunctive relief and dismiss Geismann's class allegations without prejudice.

In 2014, this Court entered judgment in favor of Geismann *before* ZocDoc had deposited the full amount of Geismann's claim with the Court. *See Geismann v. ZocDoc, Inc.*, 60 F. Supp. 3d 404, 407 (S.D.N.Y. 2014) ("*Geismann I*"). On appeal, the Second Circuit held that "the hypothetical posed by *Campbell-Ewald*, where the Supreme Court declined to consider whether the outcome would be different had the 'defendant deposit[ed] the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enter[ed] judgment for the plaintiff in that amount,'" was not implicated. 850 F.3d at 514. Now, however, ZocDoc has perfected the *Campbell-Ewald* hypothetical, and for the reasons set forth below and supported by the accompanying Statement of Material Facts ("Facts," attached as **Exhibit A** in accordance with Local Rule 56.1), individual judgment should be granted to Geismann.

## I.     Factual Background

Geismann alleges that ZocDoc sent Geismann two single-page, unsolicited faxes in 2012 that allegedly did not contain proper opt-out notifications under the TCPA. (Facts ¶ 1). Geismann has repeatedly conceded that its maximum monetary recovery in this case would be $12,000.00 (twelve thousand dollars). (Facts ¶ 2). On February 3, 2016, the Court granted ZocDoc leave to deposit $6,100.00 (six thousand one hundred dollars) with the Clerk, to be placed in an interest-bearing account. (Facts ¶ 3). That deposit occurred on February 5, 2016. (Facts ¶ 4). ZocDoc has now offered $20,000.00 (twenty thousand dollars) and individual injunctive relief to Geismann to resolve this matter and deposited an additional $13,900.00 (thirteen thousand nine hundred dollars) with the Court to provide more than full satisfaction of Geismann's individual claim. (Facts ¶¶ 5-9). Class certification has not been decided in this case. (Facts ¶ 10).

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant has the burden of "informing the district court of the basis for its motion" and the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to come forward with competent evidence establishing a disputed issue as to those material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Mere conclusory allegations or unsupported speculations are insufficient. *See id.*

## III. Argument

Geismann lacks Article III standing to pursue its own claim and to represent the putative class.[1]  Article III of the Constitution limits federal courts to deciding "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Thus, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' ***at any point during litigation***, the action can no longer proceed." *Genesis Healthcare v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (emphasis added). A named plaintiff must have standing to represent a class. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.,* 504 F.3d 229, 241 (2d Cir. 2007); *see also Wooden v. Board of Regents of University System of Georgia*, 247 F.3d 1262, 1287 (11th Cir. 2001) ("[T]here cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims of the class.").

---

[1] Notably, ZocDoc does not contend that Geismann's claim was rendered moot by ZocDoc's mere ***offer*** of relief. Rather, ZocDoc has ***tendered*** more than complete relief to Geismann and therefore satisfied Geismann's claim.

Here, Geismann lacks standing because ZocDoc has tendered more than complete relief to Geismann and thus satisfied, or extinguished, Geismann's claim.  There is no genuine issue of material fact as to the value of Geismann's individual claim or whether ZocDoc has deposited sufficient funds to satisfy fully that individual claim — Geismann has admitted that its claim is worth a maximum of $12,000.00 and ZocDoc has deposited a total of $20,000.00 with the Court.  (Facts ¶¶ 2-8).  Thus, given that ZocDoc has fully satisfied Geismann's claim, the Court should enter judgment in favor of Geismann and against ZocDoc for $20,000, plus an injunction barring ZocDoc from ever sending any fax of any kind to Geismann in the future.  (Facts ¶ 5).  Because such a judgment would deprive Geismann of standing to represent the putative class and because no class has been certified, the Court also should dismiss the class allegations, without prejudice.

By depositing the funds and moving for summary judgment, ZocDoc has perfected the hypothetical contemplated by the Supreme Court in *Campbell-Ewald* and the Second Circuit in *Geismann II*.  In *Campbell-Ewald*, the plaintiff filed a putative class action complaint under the TCPA related to allegedly unsolicited text messages.  136 S. Ct. at 667.  The defendant sought to resolve the matter by serving a Rule 68 offer of judgment that included "costs, excluding attorney's fees, and $1,503 per message" as well as "a stipulated injunction in which [the defendant] agreed to be barred from sending text messages in violation of the TCPA."  *Id.* at 667-68.  After the plaintiff allowed the offer to expire, the defendant moved for judgment under Federal Rule of Civil Procedure 12(b)(1) and the lower court ultimately ***dismissed*** the case outright after finding that no case or controversy remained, leaving the plaintiff with no form of recovery.  *Id.* at 667.  The Supreme Court concluded that an Article III "case" or "controversy" remained because "[a]n unaccepted settlement offer — like any unaccepted contract offer — is a legal nullity, with no operative effect."  *Id.* at 670.  Significantly, in explaining its ruling, the

majority in *Campbell-Ewald* was primarily concerned with the fact that the plaintiff "remained emptyhanded" when the case was dismissed.  136 S. Ct. at 672.  "When a plaintiff rejects [a Rule 68] offer — however good the terms — her interest in the lawsuit remains just what it was before.  And so too does the court's ability to grant her relief."  *Campbell-Ewald*, 136 S. Ct. at 670.

In a well-reasoned dissent, Chief Justice Roberts, joined by Justices Scalia and Alito, specifically noted that "[t]he majority does not say that *payment* of complete relief leads to the same result.  For aught that appears, the majority's analysis may have come out differently if Campbell had deposited the offered funds with the District Court."  *Id.* at 683 (emphasis in original); *see also id.* at 684 (Alito, J. dissenting) ("[A] defendant might deposit the money with the district court (or another trusted intermediary) on the condition that the money be released to the plaintiff when the court dismisses the case as moot.").  The dissenting opinions note that even in the context of a mootness analysis, the majority likely would have reached a different result if the funds had been deposited with the district court.  Justice Alito stated that "I am heartened that the Court appears to endorse the proposition that a plaintiff's claim *is* moot once he has 'received full redress' from the defendant for the injuries he has asserted."  *Id*. at 685 (Alito, J., dissenting) (emphasis in original).

The opinions by Chief Justice Roberts and Justice Alito find support in Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), which is adopted by the majority in *Campbell-Ewald*.  136 S. Ct. at 669.  In *Genesis*, Justice Kagan (joined in her dissent by Justices Ginsburg, Breyer, and Sotomayor) acknowledged that "a court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory."  133 S. Ct.

at 1536.  Thus, at a minimum, six of the nine current Supreme Court Justices agree that it is appropriate for a court to evaluate the amount of a deposit with the court and to enter judgment and terminate a case after the court determines that the plaintiff has been given full relief — i.e., the precise situation here.

The procedural posture of this case is now fundamentally different than it was when the Second Circuit issued its ruling in *Geismann II*, and it is also distinguishable from the procedural posture of *Campbell-Ewald*.  When this Court entered its judgment in *Geismann I,* ZocDoc had not yet deposited funds with the Court for Geismann's benefit and, in fact, ZocDoc had moved to dismiss Geismann's claims based on an unaccepted offer of judgment pursuant to Federal Rule of Civil Procedure 68.  *Geismann II*, 850 F.3d at 509.  The Second Circuit thus concluded Geismann's claim was not "mooted by the amount and content of the Rule 68 offer made by ZocDoc."  *Id.* at 512.  The Second Circuit also focused on the fact that a rejected offer under Rule 68 was a "legal nullity."  *Id.* at 509.  The Second Circuit emphasized that, at the time, *Geismann II* was "not a case that matches the hypothetical posed by *Campbell-Ewald*, where the Supreme Court declined to consider whether the outcome would be different had the 'defendant deposit[ed] the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court *then* enter[ed] judgment for the plaintiff in that amount.'"  *Id.* at 514 (emphasis in original).  Thus, the Second Circuit signaled that if the contemplated hypothetical was perfected, Geismann's claims might be extinguished.

The current posture of the instant case is not only in line with the hypotheticals contemplated by the Supreme Court and Second Circuit, but also is in line with earlier Supreme Court decisions finding that a plaintiff's claim can be fully satisfied by a unilateral action when the claim is actually ***extinguished***.  *See California v. San Pablo & Tulare R. Co.*, 149 U.S. 308,

313 (1893) (defendant paid full amount demanded into a bank account in plaintiff's name); *Little v. Bowers*, 134 U.S. 547, 556 (1890) (defendant made payment to satisfy tax claim); *San Mateo County v. Southern Pacific R. Co.*, 116 U.S. 138, 142 (1885) (same); *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 732 (2013) (plaintiff's claim was extinguished by the defendant's unilateral covenant not to sue); *Alvarez v. Smith*, 558 U.S. 87, 583 (2009) (plaintiff's claim was extinguished by the unilateral return of property seized by police).  Moreover, *Campbell-Ewald* did not overturn previous case law permitting the court to enter judgment when the plaintiff's claim has been extinguished.

ZocDoc has deposited more than complete individual relief with the Court. Geismann will not be left "emptyhanded" — rather, it will receive $20,000.00 and injunctive relief immediately upon entry of the judgment.  Geismann's claim is extinguished by ZocDoc's deposit and agreement to an individual injunction, thus judgment should be entered against ZocDoc and in favor of Geismann for the amount of the deposit and the consented-to injunctive relief, and the class claims should be dismissed without prejudice.

More than three years after this case was filed, it is clear that the only reason Geismann has not received the relief requested in the Complaint is that Geismann "won't take 'yes' for an answer."  *Campbell-Ewald*, 136 S. Ct. at 683.  The Court therefore should enter an individual judgment in favor of Geismann and against ZocDoc and dismiss the class allegations without prejudice.

**IV.    Conclusion**

For the foregoing reasons, the Court should enter individual judgment in favor of Geismann and against ZocDoc for $20,000.00 and an injunction barring ZocDoc from ever sending any fax of any kind to Geismann in the future.  The Court should then dismiss the class allegations, without prejudice.

                                    Respectfully submitted,

                                    **ZOCDOC, INC.**

                            By:   */s/ Blaine C. Kimrey*
                                    One of Its Attorneys

Blaine C. Kimrey (*pro hac vice*)
bkimrey@vedderprice.com
Bryan K. Clark (*pro hac vice*)
bclark@vedderprice.com
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois  60601
T:  +1 (312) 609-7500
F:  +1 (312) 609-5005

Charles J. Nerko
cnerko@vedderprice.com
Vedder Price P.C.
1633 Broadway, 47th Floor
New York, New York 10019
T:  +1 (212) 407 7700
F:  +1 (212) 407-7799

Dated:  August 25, 2017