# MANDATE

**UNITED STATES COURT OF APPEALS**
**FOR THE**
**SECOND CIRCUIT**

1:14-cv-07009-LLS

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand and eighteen.

Before:    Robert D. Sack,
           Reena Raggi,
                *Circuit Judges,*
           Paul G. Gardephe,
                *District Judge.\**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Apr 17 2019

Radha Geismann, M.D., P.C., individually and on behalf of All Others Similarly Situated,

        Plaintiff - Appellant,

v.

Zocdoc, Incorporated,

        Defendant - Appellee,

John Does 1-10,

        Defendants.

**JUDGMENT**
Docket No. 17-2692

The appeal in the above captioned case from a judgment of the United States District Court for the Southern District of New York was argued on the district court's record and the parties' briefs.   Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this Court's opinion.

For The Court:

Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

17-2692
*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2017

(Argued:  May 14, 2018   Decided:  November 27, 2018)

Docket No. 17-2692

————————————————

RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly situated,
*Plaintiff-Appellant,*

v.

ZOCDOC, INCORPORATED,
*Defendant-Appellee,*

JOHN DOES 1-10,
*Defendants.*

————————————————

Before:      SACK AND RAGGI, *Circuit Judges,* and GARDEPHE, *District Judge.* [*]

Radha Geismann, M.D., P.C., appeals from a judgment of the United States

District Court for the Southern District of New York (Louis L. Stanton, *Judge*)

dismissing its putative class action suit against the defendant ZocDoc, Inc.,

alleging violations of the Telephone Consumer Protection Act.  ZocDoc first

attempted to render Geismann's action moot by submitting a settlement offer

that would afford Geismann complete relief for its individual claims.  Geismann

---

[*] Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

17-2692
*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*

1   rejected the offer.  The district court subsequently entered judgment in

2   Geismann's favor in the amount and under the terms of the unaccepted offer and

3   dismissed the action for lack of subject matter jurisdiction on the ground that it

4   had become moot.  We vacated the district court's judgment and remanded the

5   case to the district court for further proceedings.  ZocDoc again attempted to

6   moot Geismann's action by depositing $20,000, in full settlement of Geismann's

7   individual claims, in the district court's registry.  The district court concluded

8   that ZocDoc's action successfully mooted Geismann's individual claim and

9   putative class action, and accordingly entered judgment in Geismann's favor and

10  dismissed the action.  We conclude that the district court should not have

11  entered judgment based on ZocDoc's deposit, nor should it have dismissed

12  Geismann's action on that basis.  Accordingly, the district court's judgment is:

13          VACATED and REMANDED for further proceedings.

14                                          GLENN L. HARA (David M. Oppenheim,
15                                          *on the brief*), Anderson + Wanca, Rolling
16                                          Meadows, Illinois, *for Plaintiff-Appellant.*

17                                          BLAINE C. KIMREY (Charles J. Nerko,
18                                          Vedder Price P.C., New York, New York,
19                                          Bryan K. Clark, *on the brief*), Vedder Price
20                                          P.C., Chicago, Illinois, *for Defendant-*
21                                          *Appellee.*

2

17-2692
*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*

Adina H. Rosenbaum, Scott L. Nelson,
Public Citizen Litigation Group,
Washington, D.C., *for Amicus Curiae* Public
Citizen, Inc., *in support of Plaintiff-Appellant.*

Brian Melendez, Barnes & Thornburg LLP,
Minneapolis, Minnesota, *for Amicus Curiae*
ACA International, *in support of Defendant-
Appellee*.

SACK, *Circuit Judge*:

Radha Geismann, M.D., P.C. ("Geismann") filed a class action complaint

against ZocDoc, Inc. ("ZocDoc") in the United States District Court for the

Southern District of New York, alleging that it[1] received unsolicited telecopies

(colloquially and hereinafter "faxes") from ZocDoc in violation of the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* After Geismann filed

the complaint and moved for class certification, ZocDoc made a settlement offer

to Geismann as to its individual claims pursuant to Federal Rule of Civil

Procedure 68; Geismann rejected the offer. The district court (Louis L. Stanton,

*Judge*) dismissed the action for lack of subject matter jurisdiction, *Radha Geismann,*

*M.D., P.C. v. ZocDoc, Inc.*, 60 F. Supp. 3d 404 (S.D.N.Y 2014) ("*Geismann I*"),

reasoning that the rejected offer rendered the entire action moot. The court

---

[1] Because the plaintiff is "Radha Geismann, M.D., *P.C.*", we refer to the plaintiff as "it"
rather than "she" or "her."

1    therefore entered judgment in favor of Geismann.  Geismann appealed.  Relying

2    in large part on the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 136

3    S. Ct. 663 (2016), we vacated the judgment and remanded the matter to the

4    district court for further proceedings.  *See Radha Geismann, M.D., P.C. v. ZocDoc,*

5    *Inc.*, 850 F.3d 507 (2d Cir. 2017) ("*Geismann II*").

6        On remand, ZocDoc attempted to use another procedural rule to settle

7    Geismann's individual claims:  ZocDoc requested and obtained leave from the

8    district court to deposit funds in the court's registry pursuant to Federal Rule of

9    Civil Procedure 67.  The funds that ZocDoc deposited with the court represented

10   what ZocDoc regarded as the maximum possible damages Geismann could

11   receive for its individual TCPA claims.  The district court agreed with ZocDoc

12   that its deposit mooted Geismann's individual claim, and accordingly entered

13   judgment in favor of Geismann and dismissed what remained of the action.

14   *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 268 F. Supp. 3d 599 (S.D.N.Y. 2017)

15   ("*Geismann III*").  We conclude that this was error and return the case to the

16   district court again for further proceedings.

17-2692
*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*

1    **BACKGROUND**

2    *The Complaint*

3    Geismann, a Missouri professional corporation, alleges that it received

4    from ZocDoc, a Delaware corporation, two unsolicited faxes advertising a

5    "patient matching service" for doctors.  *See* Corrected First Amended Class

6    Action Complaint ¶¶ 8-9, at Joint Appendix ("J.A.") 3 & Exhibits A and B to the

7    Corrected First Amended Class Action Complaint, at J.A. 17–18.   Both faxes

8    stated, in a legend at the bottom of the fax, that if the recipient wished to "stop

9    receiving faxes," he or she could call the domestic telephone number provided.

10   *See* Exhibits A and B to the Corrected First Amended Class Action Complaint, at

11   J.A. 17–18.

12   In 2014, Geismann filed this putative class action against ZocDoc in

13   Missouri state court, alleging that these faxes were unsolicited advertisements in

14   violation of the TCPA, 47 U.S.C. § 227.  The TCPA prohibits, *inter alia*, the use of

15   "any telephone facsimile machine, computer, or other device to send, to a

16   telephone facsimile machine, an unsolicited advertisement, unless" the sender

17   and recipient have an "established business relationship," the recipient

18   volunteered its fax number directly to the sender or through voluntary

5

1    participation in a directory or other public source, or the fax meets specified

2    notice requirements.  *Id.* § 227(b)(1)(C).  The TCPA defines "unsolicited

3    advertisement" as "any material advertising the commercial availability or

4    quality of any property, goods, or services which is transmitted to any person

5    without that person's prior express invitation or permission, in writing or

6    otherwise."  *Id.* § 227(a)(5).  Geismann sought between $500 and $1,500 in

7    statutory damages for each alleged TCPA violation, an injunction prohibiting

8    ZocDoc from sending similar faxes in the future, and costs.[2]

9         On the same day that it filed its complaint in state court, Geismann filed a

10   separate motion for class certification pursuant to Missouri law.  Geismann

11   defined the proposed class as "[a]ll persons who on or after four years prior to

12   the filing of this action, were sent telephone facsimile messages of material

13   advertising [a] patient matching service for doctors by or on behalf of

14   Defendant."  *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, No. 14-cv-7009

15   (S.D.N.Y.), ECF No. 5, at 2.

---

[2] The TCPA includes a private right of action for injunctive relief and damages in the amount of "actual monetary loss" or "$500 . . . for each such violation, whichever is greater," to be tripled at the court's discretion if the defendant "willfully or knowingly violated" the statute.  47 U.S.C. § 227(b)(3).

1   On March 13, 2014, ZocDoc removed the action to the United States

2   District Court for the Eastern District of Missouri.  Two weeks later, ZocDoc

3   made an offer of judgment to Geismann pursuant to Federal Rule of Civil

4   Procedure 68[3] for: (i) $6,000, plus reasonable attorney's fees, in satisfaction of

5   Geismann's individual claims, and (ii) an injunction prohibiting ZocDoc from

6   engaging in the alleged statutory violations in the future.  Geismann rejected

7   ZocDoc's offer because it provided no relief to the other members of the class.

8   ZocDoc subsequently moved to transfer the case to the United States District

9   Court for the Southern District of New York.  The district court granted ZocDoc's

10  motion on August 26, 2014.

11  *Geismann I Proceedings in the District Court*

12  After the case was transferred to the Southern District of New York,

13  ZocDoc moved to dismiss the complaint, primarily on the ground that its offer of

14  judgment provided full satisfaction of Geismann's claim, so the action was moot.

---

[3] Rule 68 provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  If the offer is accepted, "either party may then file the offer and notice of acceptance, plus proof of service," at which time the clerk must enter judgment.  *Id.*  A party's decision not to accept a Rule 68 offer of judgment comes with consequences: if the judgment that the offeree ultimately obtains is not more favorable than the unaccepted offer, the offeree is on the hook for the offeror's post-offer costs.  *Id.* 68(d).

1   On September 26, 2014, the district court granted ZocDoc's motion to dismiss for

2   lack of subject-matter jurisdiction, reasoning that, as to Geismann's individual

3   claims, ZocDoc's Rule 68 offer "more than satisfies any recovery Geismann could

4   make," so "there remain[ed] no case or controversy." *Geismann I*, 60 F. Supp. 3d

5   at 406–07. The court denied Geismann's motion for class certification, reasoning

6   that Geismann could not adequately represent the class without a claim of its

7   own. *Id.* at 407. The court accordingly entered judgment in the amount and

8   under the terms of the rejected settlement offer, and dismissed the action as

9   moot. *Id.*

10   Geismann timely appealed.

11   *Geismann II*

12   On January 20, 2016, after we held oral argument but before we issued a

13   decision, the Supreme Court handed down its decision in *Campbell-Ewald Co. v.*

14   *Gomez*, 136 S. Ct. 663 (2016). *Campbell-Ewald*'s procedural posture was similar to

15   the *Geismann I* appeal then before us: The plaintiff filed a putative TCPA class

16   action and the defendant made a Rule 68 offer of judgment to satisfy the

17   plaintiff's individual claims, which the plaintiff rejected. *Id.* at 667–68. The

18   Supreme Court decided that the defendant's unaccepted Rule 68 offer did not

8

1    render the action moot because "[a]n unaccepted settlement offer—like any

2    unaccepted contract offer—is a legal nullity, with no operative effect" on the

3    plaintiff's individual claim. *Id.* at 670 (internal quotation marks omitted). With

4    no settlement offer still operative, the Supreme Court reasoned, "the parties

5    remained adverse" and "both retained the same stake in the litigation they had at

6    the outset." *Id.* at 670-71. The Supreme Court further noted that "[w]hile a class

7    lacks independent status until certified, a would-be class representative with a

8    live claim of her own must be accorded a fair opportunity to show that

9    certification is warranted." *Id.* at 672 (internal citation omitted). However, the

10   Supreme Court left open the possibility that "the result would be different if a

11   defendant deposits the full amount of the plaintiff's individual claim in an

12   account payable to the plaintiff, and the court then enters judgment for the

13   plaintiff in that amount," reserving that question "for a case in which it is not

14   hypothetical." *Id.*

15       On February 1, 2016, while Geismann's appeal in *Geismann II* remained

16   pending and after the Supreme Court issued its decision in *Campbell-Ewald*,

17   ZocDoc filed a motion with the district court seeking to deposit a check in the

18   amount of $6,100 payable to the clerk of the district court in satisfaction of

9

1   judgment.  The district court granted the request, reasoning that the Supreme

2   Court's decision in *Campbell-Ewald* "favor[s] deposit of judgments with the Court"

3   in these circumstances.  Order for Deposit in Interest Bearing Account, filed

4   February 3, 2016, at J.A. 19–20.

5          On March 9, 2017, we decided Geismann's appeal.  *See Geismann II*, 850

6   F.3d 507.  We vacated the district court's judgment and remanded the case for

7   further proceedings.  We concluded that "[i]n light of *Campbell-Ewald*, the district

8   court's conclusion in this case that Geismann's claim was 'mooted by the amount

9   and content of the Rule 68 offer made by ZocDoc' [was] incorrect."  *Id.* at 512

10  (quoting *Geismann I*, 60 F. Supp. 3d at 407)  We explained that, notwithstanding

11  ZocDoc's post-judgment deposit with the district court, the case did not "match[]

12  the hypothetical posed by *Campbell-Ewald*," reasoning that because ZocDoc's

13  rejected offer of settlement had "no continuing efficacy," the deposit was made

14  "pursuant to and in furtherance of a judgment that should not have been entered

15  in the first place."  *Id.* at 512, 514 (internal quotation marks omitted).  We

16  declined to say whether judgment entered on the basis of a deposit would be

17  permissible.  *See id.* at 514–15 & n.16.  We further determined that Geismann's

18  class claim should not have been dismissed because its individual claim

17-2692
*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*

1    remained alive. *See id.* at 515. We directed that, on remand, "[a]lthough the

2    district court may, in its discretion, permit ZocDoc to deposit with the court 'any

3    part of the relief sought,'" under Federal Rule of Civil Procedure 67, "the basis for

4    so granting the defendant leave to deposit must not be inconsistent with this

5    opinion." *Id.*

6           *Geismann III Proceedings in the District Court*

7           On April 26, 2017, ZocDoc filed a letter motion with the district court

8    seeking leave to deposit an additional $13,900 with the court under Federal Rule

9    of Civil Procedure 67, explaining that "ZocDoc hereby makes an open-ended

10   offer to Geismann with no expiration date of a total of $20,000.00 (twenty

11   thousand dollars) and for all individual injunctive relief Geismann seeks in the

12   operative complaint."[4]  J.A. 42.  ZocDoc further urged that after depositing the

13   funds, it would "seek to perfect the *Campbell-Ewald* hypothetical by filing a

14   motion for summary judgment in which it will ask the Court to enter a judgment

15   in favor of Geismann and against ZocDoc for the full amount of Geismann's

16   individual claims and to dismiss the class allegations without prejudice."  J.A. 43.

---

[4] ZocDoc argued in the letter motion that although its "original deposit of $6,100.00 is
enough to fully satisfy Geismann's individual monetary claims, ZocDoc has made the
$20,000.00 offer to remove any possible argument that Geismann may be entitled to
more."  J.A. 42.

17-2692
*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*

1  Geismann rejected ZocDoc's offer, filed a letter opposing the motion to deposit,

2  and urged the district court to proceed to consider class certification.

3  On July 28, 2017, the district court granted ZocDoc leave to deposit under

4  Rule 67 and to file a motion for summary judgment.  *See Geismann III*, 268 F.

5  Supp. 3d at 601.  The district court reasoned that "[t]here is a consequential

6  difference between on the one hand a defendant's offer of an adequate amount in

7  an offer of judgment whose utility depends on its being timely accepted under

8  principles of contract and Fed. R. Civ. P. 68, and on the other hand a tender . . .

9  which independently and fully satisfies a plaintiff's claim."  *Id.* at 603–04.  The

10  district court then granted ZocDoc leave to deposit funds pursuant to Rule 67

11  because the deposit would enable ZocDoc to "make a cognizable, good-faith

12  argument that this case should be terminated" on mootness grounds.  *Id.* at 605.

13  On August 25, 2017, ZocDoc filed a motion for summary judgment,

14  arguing that its deposit and acquiescence to injunctive relief had made

15  Geismann's claim moot and that the district court should therefore enter

16  judgment in Geismann's favor.  *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, No.

17  14-cv-7009, ECF No. 77, at 1–4 ("Geismann lacks standing because ZocDoc has

17-2692
*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*

1    tendered more than complete relief to Geismann and thus satisfied, or

2    extinguished, Geismann's claim.").  Geismann opposed ZocDoc's motion.

3         On September 25, 2017, the district court issued a two-page judgment

4    granting ZocDoc's motion for summary judgment in favor of Geismann.  The

5    court ordered that, "[p]ursuant to this Court's Opinion and Order dated July 28,

6    2017," Geismann "shall recover from defendant ZocDoc, Inc. the sum of Twenty

7    Thousand Dollars," and that ZocDoc is "enjoined, restrained, and forbidden from

8    sending to plaintiff any faxes of any nature without express written prior

9    approval from Plaintiff."  Judgment at 1, J.A. 108.  The district court further

10   ordered that Geismann's motion for class certification and "all claims asserted on

11   behalf of a purported class, are dismissed without prejudice for [Geismann's]

12   lack of standing to represent or belong to the class."  *Id.* at 2, J.A. 109.  The district

13   court directed the clerk to mail a check to the plaintiff in the amount due and to

14   close the case.  This timely appeal followed.[5]

---

[5] After the notice of appeal was filed, on October 5, 2017, the clerk sent a check by
overnight mail to Geismann, but Geismann rejected payment and returned the check to
the clerk's office.  The district court subsequently directed the clerk to invest the
returned funds in an interest-bearing account.

1    **DISCUSSION**

2    On appeal, Geismann challenges the district court's orders insofar as they

3    permitted ZocDoc to deposit funds pursuant to Rule 67, granted ZocDoc's

4    motion for summary judgment, and dismissed Geismann's motion for class

5    certification.  As noted above, the district court based all three decisions on its

6    conclusion that ZocDoc's Rule 67 deposit rendered Geismann's action moot.  The

7    focus of our analysis is on whether that conclusion was correct.

8    We begin with the Supreme Court's decision in *Campbell-Ewald*.  The

9    question before it was whether "an unaccepted offer to satisfy the named

10    plaintiff's individual claim [is] sufficient to render a case moot when the

11    complaint seeks relief on behalf of the plaintiff and a class of persons similarly

12    situated."  136 S. Ct. at 666.  As the Seventh Circuit later observed, "nothing in

13    this question [was] necessarily limited to a settlement offer presented pursuant to

14    Federal Rule of Civil Procedure 68."  *Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541,

15    544 (7th Cir. 2017).  Rather, as the Seventh Circuit noted, *id.*, the Supreme Court

16    relied on a fundamental principle of contract law:  An unaccepted offer is not

17    binding on the offeree.  Based on this principle, the Court concluded that the

18    defendant's "settlement bid and Rule 68 offer of judgment, once rejected, had no

14

1    continuing efficacy." *Campbell-Ewald*, 136 S. Ct. at 670.  Like the Seventh Circuit,

2    we see no material difference between a plaintiff rejecting a *tender* of payment

3    (pursuant to Rule 67) and an *offer* of payment (pursuant to Rule 68).  Indeed,

4    other than their labels, once rejected, the two do not differ in any meaningful

5    way:  In each case, "all that exists is an unaccepted contract offer, and as the

6    Supreme Court recognized, an unaccepted offer is not binding on the offeree."

7    *Fulton Dental*, 860 F.3d at 545.

8        Moreover, a key factor underlying the Supreme Court's holding in

9    *Campbell-Ewald* was that the plaintiff "remained emptyhanded" once the

10   defendant's Rule 68 settlement offer expired.  136 S. Ct. at 672.  An unaccepted

11   offer provides a plaintiff "no entitlement . . . to relief," so "the parties remained

12   adverse; both retained the same stake in the litigation they had at the outset." *Id.*

13   at 670–71.  In other words, "a lawsuit—or an individual claim—becomes moot

14   when a plaintiff *actually receives* all of the relief he or she could receive on the

15   claim through further litigation." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th

16   Cir. 2016) (emphasis in original); *see also Gibson v. Brooks*, 175 F. App'x 491, 491

17   (2d Cir. 2006) (summary order) ("Because the only relief sought by plaintiff is a

18   remand for a new trial, and because plaintiff has *already received* the benefit of a

1   retrial . . . , we hold that plaintiff's appeal is moot and must be dismissed."

2   (emphasis in original)).

3          The deposit of funds in the district court registry, without more, leaves a

4   plaintiff "emptyhanded" because the deposit alone does not provide relief to him

5   or her.  "The Rule 67 procedure provides a place of safekeeping for disputed

6   funds pending the resolution of a legal dispute, but it cannot be used as a means

7   of altering the contractual relationships and legal duties of the parties." *LTV*

8   *Corp. v. Gulf States Steel, Inc. of Ala.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992); *see also*

9   *Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007) ("The

10  core purpose of Rule 67 is to relieve a party who holds a contested fund from

11  responsibility for disbursement of that fund among those claiming some

12  entitlement thereto.").  Indeed, on its face, Rule 67 "is just a procedural

13  mechanism that allows a party to use the court as an escrow agent." *Fulton*

14  *Dental*, 860 F.3d at 544.  It does not itself determine who is entitled to the money.

15         Rule 67 explicitly permits a party to deposit money "whether or not that

16  party claims any of it" and directs that the funds be held in accordance with

17  other statutory provisions, Fed. R. Civ. P. 67, including those that require the

18  funds to be "deposited . . . in the name and to the credit of [the] court" and that

1    permit their withdrawal only "by order of court," 28 U.S.C. §§ 2041, 2042.  These

2    provisions make clear that a party's deposit of funds with the court does not

3    entitle another party to collect those funds.

4        In short, the Rule 67 procedure "is nothing like a bank account in the

5    plaintiff's name—that is, an account in which the plaintiff has a right at any time

6    to withdraw funds." *Fulton Dental*, 860 F.3d at 545; *cf. Campbell-Ewald*, 136 S. Ct.

7    at 672 (leaving open hypothetical where defendant deposits full amount "*in an*

8    *account payable to plaintiff*" (emphasis added)).  By itself, then, ZocDoc's deposit of

9    funds cannot be considered to have rendered Geismann's individual claims

10    moot.

11        We also doubt that mootness is the correct legal concept to employ in

12    analyzing the effect of ZocDoc's Rule 67 deposit.  "A case becomes moot only

13    when it is impossible for a court to grant any effectual relief whatever to the

14    prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307

15    (2012) (internal quotation marks omitted).  By this standard, ZocDoc's Rule 67

16    deposit, by itself, could not have rendered Geismann's action moot.  Geismann

17    began this suit seeking damages and an injunction; after ZocDoc's deposit,

18    Geismann had not yet "actually receive[d]" any funds, and although ZocDoc

17

1   offered to submit to an injunction, it had not committed to stop sending the

2   offending faxes.[6] *Chen*, 819 F.3d at 1144–46 (observing that expression of

3   willingness to be enjoined does not mean plaintiff "received relief on his

4   individual injunctive claim").  At that point in the litigation, the district court

5   could still provide these remedies—and did so when it subsequently entered

6   judgment in Geismann's favor on September 25, 2017.  That judgment, which

7   stipulated that a specified amount of damages should be paid and that an

8   injunction should be entered, "is quintessentially a ruling on the merits of a

9   case." *Fulton Dental*, 860 F.3d at 543.  Accordingly, Geismann's individual claims

10  could not have been "mooted" prior to that time by the Rule 67 deposit.

11      While Rule 67 itself does not affect the vitality of a plaintiff's claims, those

12  claims may of course become moot in other ways.  Our decisions appear to

13  recognize that where a defendant surrenders to "complete relief" in satisfaction

14  of a plaintiff's claims, the district court may enter default judgment against the

---

[6] We view ZocDoc's Rule 67 deposit as similar in certain respects to an accord pursuant to the doctrine of accord and satisfaction.  We have explained that "[a]n agreement of one party to give, and another party to accept, in settlement of an existing or matured claim, a sum or performance other than that to which he believes himself entitled, is an accord," and "[t]he execution of the agreement is a satisfaction."  *May Dep't Stores Co. v. Int'l Leasing Corp.*, 1 F.3d 138, 140 (2d Cir. 1993).  An accord and satisfaction is an affirmative defense, but does not by itself render a case moot.  *See* Fed. R. Civ. P. 8(c)(1) (recognizing accord and satisfaction as an affirmative defense).

defendant—even without the plaintiff's agreement thereto—and "[t]hen, *after*

judgment is entered, the plaintiff's individual claims will become moot for

purposes of Article III." *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200 (2d Cir.

2015) (emphasis in original); *see also Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir.

2013) (describing this process as "the typically proper disposition" under such

circumstances); *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005)

("[A] [default] judgment would remove any live controversy from this case and

render it moot.")  This resolution recognizes, in part, a district court's discretion

to "halt a lawsuit by entering judgment for the plaintiff when the defendant

unconditionally surrenders and only the plaintiff's obstinacy or madness

prevents [it] from accepting total victory." *Genesis Healthcare Corp. v. Symczyk*,

569 U.S. 66, 85 (2013) (Kagan, J., dissenting); *see also McCauley*, 402 F.3d at 342

(recognizing plaintiff "is not entitled to keep litigating [its] claim simply because

[the defendant] has not admitted liability").  But, a district court may not take

that approach unless the defendant surrenders to the "*complete* relief" sought by

the plaintiff, *Tanasi*, 786 F.3d at 200 (emphasis added), and "a judgment

satisfying an individual claim does not give a plaintiff . . . exercising [its] right to

sue on behalf of other[s] . . . 'all that [it] has . . . requested in the complaint (*i.e.,*

1 relief for the class),'" *Genesis Healthcare*, 569 U.S. at 85 (Kagan, J., dissenting)

2 (quoting *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 341 (1980) (Rehnquist,

3 J., concurring)); *see Chen*, 819 F.3d at 1147 (noting previous Supreme Court

4 decisions' observation that a named plaintiff retains a "personal stake in

5 obtaining class certification").

6      That is the case here. Even if the district court *first* entered judgment—

7 enjoining ZocDoc from further faxes and directing the clerk of court to send

8 Geismann a check for $20,000—and *thereafter* deemed Geismann's claims moot,

9 that resolution would not have afforded Geismann *complete* relief. By rejecting

10 the settlement offer and returning the clerk's check, Geismann effectively stated

11 that its suit "is about more than the statutory damages to which it believes it is

12 entitled; it is also about the additional reward that it hopes to earn by serving as

13 the lead plaintiff for a class action. Nothing forces it to accept [ZocDoc's]

14 valuation of the latter part of the case." *Fulton Dental*, 860 F.3d at 545. Indeed, as

15 *Campbell-Ewald* states, "a would-be class representative with a live claim of [its]

17-2692
*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*

1    own *must* be accorded a fair opportunity to show that certification is warranted."

2    *Campbell-Ewald*, 136 S. Ct. at 672 (emphasis added).

3        We therefore conclude that the district court must resolve the pending

4    motion for class certification *before* entering judgment and declaring an action

5    moot based solely on relief provided to a plaintiff on an individual basis.  If the

6    motion is granted,[7] the class action may proceed.  A conclusion otherwise would

7    risk placing the defendant in control of a putative class action, effectively

8    allowing the use of tactical procedural maneuvers to thwart class litigation at

9    will.  *See Roper*, 445 U.S. at 339 ("Requiring multiple plaintiffs to bring separate

10   actions, which effectively could be 'picked off' by a defendant's tender of

11   judgment before an affirmative ruling on class certification could be obtained,

12   obviously would frustrate the objectives of class actions[.]").

13       For these reasons, we conclude that ZocDoc's Rule 67 deposit did not

14   provide Geismann with an entitlement to complete relief and therefore did not

15   render its TCPA claim moot.  The district court should not have entered

16   judgment based on ZocDoc's deposit, nor should it have dismissed Geismann's

---

[7] Ultimately subject, of course, to a possible appeal to this Court.

17-2692
*Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*

1   action.  The fact that Geismann's claim is not moot means both that its own claim

2   is still viable and that the door remains open for possible class certification.

3   **CONCLUSION**

4       We have considered the parties' remaining arguments on appeal and find

5   them to be without merit.  For the foregoing reasons, we VACATE the judgment

6   of the district court and REMAND for further proceedings.