

December 2, 2019

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
vedderprice.com

**VIA CM/ECF FILING**

Blaine C. Kimrey
Shareholder
+1 312 609 7865
bkimrey@vedderprice.com

Hon. Louis L. Stanton, U.S.D.J.
United States Southern District of New York, 500 Pearl Street
New York, NY 10007

Re:   *Geismann v. ZocDoc, Inc.*, Case No. 1:14-cv-07009-LLS

Dear Judge Stanton:

On behalf of defendant ZocDoc, Inc. ("ZocDoc"), I'm writing in response to the pre-motion conference letter filed by plaintiff Radha Geismann M.D., P.C. ("Geismann") on November 27, 2019. (ECF No. 111, the "Nov. 27 Letter"). Plaintiff's positions lack merit and should be rejected.

**I.   Scope of Class Discovery**

Geismann argues that although it allegedly received only two faxes from ZocDoc, Geismann should be allowed discovery on "all faxes sent during the four-year class period." (Nov. 27 Letter, p. 2). Geismann is wrong. Discovery should be limited to the two fax broadcasts involving Geismann because Geismann is not an adequate or otherwise appropriate class representative for — and in fact lacks constitutional and statutory standing as to — any fax broadcasts that didn't involve Geismann. *See, e.g.*, *Brodsky v. HumanaDental Insurance Company*, 2012 WL 12973195, *3 (N.D. Ill. 2012) (denying motion to compel because "for class certification purposes, only those faxes that are the same as the Fax plaintiff received are relevant"); *Kaye v. Merck & Co.*, 2014 WL 2002447, *3 (D. Conn. May 15, 2014) (limiting scope of discovery to fax received by plaintiff during stay pending FCC ruling); *St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, 2015 WL 9451046, *2 (E.D. Mo. Dec. 23, 2015) (quashing subpoena to third party in which plaintiff sought faxes other than those attached to complaint); *see also Etter v. Allstate Insurance Co.*, 323 F.R.D. 308, 311 (N.D. Cal. 2017) (denying class certification with respect to fax plaintiff never received); *Byer Clinic & Chiropractic, Ltd. v. Kapraun,* 48 N.E.3d 244, 251 (Ill. App. 1st Dist. Jan. 19, 2016) (finding plaintiff an inadequate class representative for faxes he didn't receive); *Brodsky v. HumanaDental Insurance Company*, 2016 WL 5476233, *7 (N.D. Ill. Sept. 29, 2016) (denying certification with respect to faxes plaintiff never received).

The two faxes at issue were part of two broadcasts to medical practices in or around St. Louis, Missouri. The first broadcast was initiated on July 24, 2012, and sent to 237 individuals (including Geismann), and the second broadcast was initiated on September 20, 2012, and sent to 182 individuals (including Geismann). The lists overlap, so there were 294 unique practices involved. **These are the only ZocDoc fax broadcasts that included Geismann.** Discovery about any other broadcasts is not relevant or proportional to the needs of the case. Moreover, this Court has specifically cautioned Geismann against overly broad and irrelevant discovery.

Geismann cites *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers*, 36 F. Supp. 3d 417, 419 (S.D.N.Y. 2014). But the court in *Bais Yaakov* addressed a request for faxes that contained "an opt-out notice substantially similar to the notice on the fax ad sent to Plaintiff." *Id.* Geismann has made no such limitation in its request for "all faxes." The two faxes Geismann received

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

Hon. Louis L. Stanton, U.S.D.J.
December 2, 2019
Page 2

were specific to the St. Louis market, and any requests for additional discovery on ZocDoc's broadcasts should be appropriately limited to the two fax broadcasts at issue. Even if Geismann were to attempt to limit its discovery based on the opt-out notice, such discovery would be pointless because such a class would raise insurmountable problems related to consent. Indeed, the court in *Bais Yaakov*, four years after the order discussed above, ultimately denied certification of an "opt-out" class. *See Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 2018 U.S. Dist. LEXIS 96161, *7 (S.D.N.Y. June 6, 2018).

Geismann has received all of the records in ZocDoc's possession, custody, and control relevant to class issues and the two fax broadcasts at issue. And the scope of class discovery is properly limited to those two fax broadcasts because they are the only broadcasts that involved Geismann. Class discovery as to ZocDoc and those two fax broadcasts is **now complete**.

### II.     Intellicomm Subpoena

At the June 14, 2019 conference, the Court made very clear that discovery would be limited. For instance, the Court said, "The example I would point to is a whole list of proposed questions in the plaintiff's material about who decided to send the calls and ads and *who else was in on the internal planning in the defendant*. That is precisely the kind of thing that I think *we should not be going into*, not be going into, in the class definition/class certification phase." 6/14/2019 Tr. 2:19-24 (emphasis added). The "list of proposed questions" the Court was referring to was the list of individuals whom Geismann noted in the Joint Proposed Scheduling Order (ECF No. 101) Geismann intended to identify and depose. That list included: "All persons who were involved in deciding to send advertisement by fax during the relevant time period" and "All persons who were involved in the sending of advertisements by fax during the relevant time period." These are the type of questions that the Court expressly cautioned Geismann counsel about, stating, "I've warned him about discovery. If he takes that lightly, he is simply closing his eyes to what will happen when he sees it." *Id.* at 10:14-16.

Despite the Court's warnings, Geismann is seeking, both from ZocDoc and from Intellicomm, information that exceeds the proper scope of discovery.[1] At the June 14, 2019 hearing, Geismann's counsel explained their alleged need to know the number of faxes sent and information about consent to make class certification arguments. ZocDoc has produced that information. There is no valid basis for Geismann to continue seeking additional information, particularly from a third party.

### III.    Adequacy of the Protective Order

ZocDoc is not withholding any documents or information in discovery based on the adequacy of the Protective Order entered in this case. Rather, the dispute at issue here cannot be resolved by a protective order. Geismann has demanded that ZocDoc remove the redactions related to the identity of putative class members. The elements of Geismann's class action argument do not in any way require information about the *identity* of the individuals who allegedly received the two faxes at issue in this case.

The records ZocDoc has produced identify the individuals by an anonymized Lead ID and demonstrate the number of individuals who were sent the two faxes, which of the two faxes each individual

---

[1] ZocDoc has *not* "instructed Intellicomm not to comply with Plaintiff's subpoena." (Nov. 27 Letter, p. 2), although ZocDoc agrees with Intellicomm's approach to the overly broad and unnecessary subpoena.

Hon. Louis L. Stanton, U.S.D.J.
December 2, 2019
Page 3

was sent, which individuals were sent both faxes, and what interactions those individuals had with ZocDoc before and after the faxes were sent. Geismann cannot articulate any valid basis for needing to know the names and contact information for those individuals. In the highly unlikely event this case is certified, that information could be relevant to establish the individual merits and/or notifying the class. But it has no relevance at this stage, and it is inappropriate for attorneys to use discovery to try to identify other potential class representatives. *See Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 916-17 (7th Cir. 2011) (holding that Anderson + Wanca "demonstrated a lack of integrity" when they obtained transmission reports from a fax broadcaster and used them to identify additional class representatives); *City Select Auto Sales, Inc. v. David Randall Assocs.*, 296 F.R.D. 299, 319 (D.N.J. 2013) (criticizing counsel Anderson + Wanca's use of a fax transmission list and solicitation letters to facilitate litigation); *Am. Copper & Brass, Inc. v. Lake City Indus. Prods.*, 2012 U.S. Dist. LEXIS 102207, *17-18 (W.D. Mich. 2012) (criticizing Anderson + Wanca attorneys for using information obtained on a confidential basis to solicit class representatives in other class actions).

Courts often "refuse[ ] to allow discovery of class members' identities at the pre-certification stage . . . out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.*, 2006 WL 1455464, *1 (E.D.N.Y. May 23, 2006); *see also Crabtree v. Hayden, Stone Inc.*, 43 F.R.D. 281, 283 (S.D.N.Y. 1967) ("[T]he purpose of the pre-trial discovery rules . . . is to enable the parties to prepare for trial with respect to their own *bona fide* existing claims, not to determine whether third parties may have similar claims."); *Gawry v. Countrywide Home Loans, Inc.*, 395 Fed. Appx. 152, 160 (6th Cir. 2010) ("Plaintiffs' counsel cannot use the Federal Rules of Civil Procedure as a device to force defendant to assist them in finding a plaintiff and establishing subject matter jurisdiction so they can sue defendant."); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) (affirming denial of motion to produce names of similarly situated investors); *In re Mortgagors of Temple-Inland Mortgage Corp.*, 2001 WL 177181, *2 (E.D. Pa. Jan. 24, 2001) (denying plaintiffs' counsel the ability to use class discovery to identify a plaintiff); *Buycks-Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 338, 342 (N.D. Ill. 1995) (in action against bank, plaintiffs were not entitled to loan files without redacted addresses where loan applicant's names were also redacted); *Flanigan v. Am. Fin. Sys. of Ga.*, 72 F.R.D. 563, 563 (M.D. Ga. 1976) ("Rule 23 should not be used as a device to enable client solicitation."). This authority was presented in the meet and confer process, and Geismann has not cited any cases to the contrary.

**IV.     Plaintiff's Engagement Agreement**

Geismann's argument against production of its engagement letter(s) is without merit. In its pre-motion letter, ZocDoc cited cases from this jurisdiction establishing that engagement letters typically are not privileged and that courts often look at the terms of engagement letters and fee arrangements in determining adequacy as part of the class certification analysis. (ECF No. 110, p. 2). In response, Geismann does not attempt to distinguish any of these decisions, but rather cites three non-binding decisions, one of which is more than 20 years old and another of which is more than 40 years old. *See Bowling v. Pfizer, Inc.*, 102 F.3d 777, 781 (6th Cir. 1996); *In re: Nissan Motor Corp. Antitrust Litigation*, 1975 WL 166141, *2 (S.D. Fla. June 4, 1075). The Court should follow the relevant precedent.

For the foregoing reasons, the relief requested by Geismann should be denied and Geismann should be ordered to produce its engagement agreement with its counsel.

Hon. Louis L. Stanton, U.S.D.J.
December 2, 2019
Page 4

Sincerely,

Blaine C. Kimrey