ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

RADHA GEISMANN, M.D., P.C.,
individually and on behalf of all others
similarly situated,

                Plaintiff,           14 Civ. 7009 (LLS)

  - against -                     RULINGS ON MOTIONS
                                       TO COMPEL DISCLOSURES
ZOCDOC, INC., et al.,

                Defendants.

-------------------------------X

A.

<u>Defendant Zocdoc's Motion to Compel Disclosure of the Terms of Plaintiff's Attorneys'
Retention</u>

In this case, there is reason to review the terms of the retainer. There is a sound policy that the relationship between the lead plaintiff and class counsel be one in which decisions concerning the conduct of the litigation are made by the class (i.e., its lead plaintiff) that made the investments rather than by its counsel. See, for examples, <u>Fennell v. TLB Kent Co.</u>, 865 F.2d 498, 501 (CA.2 1989) ("We begin with the undisputed proposition that the decision to settle is the client's to make, not the attorney's", citing <u>United States v. Beebe</u>, 180 U.S. 343, 352 (1901)); <u>Kulig v. Midland Funding, LLC</u>, 13 Civ. 4715, 2014 WL 5017817, at *4 (S.D.N.Y. Sept. 26, 2014) (denying class certification where class counsel failed to communicate settlement offers, and quoting N.Y. Comp. Codes R. & Regs. Title 22, §1200.0 Rule 1.2 (a): "A lawyer shall abide by a client's decision whether to settle a matter"); <u>Abraham v. Volkswagen of Am.</u>,

-1-

Inc., 90 Civ. 725, 1991 WL 89917, at *5 (W.D.N.Y. March 11, 1991) ("What remains central throughout is the firmly established principle that 'the authority to make decisions is exclusively that of the client . . . .' N.Y. Jur. EC 7-7.")

Professionally, while the trial lawyer controls the incidents of the litigation, the major decisions about its conduct (such as whether a party should testify, or particular offers to settle should be accepted or rejected), must be made by the client. In litigation as drenched in legal technicalities as securities claims, statutory constructions, and class actions the principle of client control is at risk because of the lawyers' greater experience with the subject matter. The documents defining the lawyer-client relationship may give protection to the principle, or weaken it.

In this case, suspicion that class counsel's own interest may have prevailed over class interests is justifiable. The fact that offers to pay Dr. Geismann as much as $20,000 (multiple times what she individually could receive in a class recovery) were stubbornly rejected in favor of proceeding with an action which, if successful, would produce much less for her and fees of a substantial portion of the whole class recovery for the attorneys, is consistent with the presence of an arrangement favoring the lawyers' interests in a class settlement over the clients'.

Under the circumstances, disclosure of the documents articulating the attorney-client relationship is justified as part of the class-certification process.

B.

Plaintiff Geismann's Motion to Compel Production of ZocDoc's Fax Advertisements

For the reasons discussed at length at the December 3, 2019 conference (and bearing in mind that the present issue is class discovery, not discovery on the merits) defendants must

produce all copies of the faxes attached to the plaintiff's complaint which were received in the two broadcasts sent to Geismann, each recipient being designated by a particular letter or numeral, regardless of their location.

C.

Geismann's Request for Transmission Logs

This request is denied without prejudice to renewal after seeking enforcement of her subpoena in Intellicomm's own jurisdiction.

\* \* \* \*

So Ordered.

Dated: New York, New York
March 6, 2020

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.